WILLIAM E. JARRELL and MARY E. JARRELL, his wife, *vs.* The
MAYOR and COUNCIL OF WILMINGTON.

*Personal injuries— City ; Streets of—Public highways ; Obstructions
in—Awnings ; Lawful and unlawful—Liability of city—
Knowledge of obstruction—Negligence, of two
or more independent persons—Who
liable—Due Care—Measure of
damages.*

    1. A part of a street in the city of Wilmington used for a fruit stand under an ordinance of said city, may be covered by an awning, if it be a reasonably safe one for such place and purpose. And, under such circumstances, if the awning be thrown down by the passing wagon of a third person, and the injuries complained of resulted from that cause only, the city would not be liable. But if the awning, either in its material or in its construction or maintenance, was of such a character as to be a menace, and dangerous in itself, to persons using such street, it would be an unlawful obstruction.

    2. If such dangerous awning, is suffered to remain on the street for an unreasonable time after notice or knowledge thereof had come to the city, the city would be liable for any injuries that might result from the falling of the awning, even though it was struck by the passing wagon of a third person, which thereby contributed to the accident.

    3. Where the negligent acts of two or more independent persons have between them caused damage to a third, the sufferer is entitled to sue any and all the negligent persons, though he cannot recover in the whole more than his whole damages.

    4. Whether the awning was dangerous in itself, or was a reasonably safe and proper one for such place and purpose, is a question of fact for the jury.

    5. In order to render the city liable, it must appear that it had notice or knowledge of the obstruction for such time as would have been sufficient for its removal. This notice may be either express or implied. Implied notice is where an obstruction has existed and continued on the street for such a time as the city by reasonable diligence might have obtained knowledge thereof.

    6. Measure of damages.

(*December 4, 1903.*)

LORE, C. J., and SPRUANCE and GRUBB J. J., sitting.

*Horace Greeley Knowles* for plaintiffs.

*Robert G. Harman,* City Solicitor and *Baldwin Springer,* Assistant City Solicitor, for defendant.

Superior Court, New Castle County, November Term, 1903.

ACTION ON THE CASE (No. 115, February Term, 1903) to recover damages for personal injuries to Mary E. Jarrell.

The facts appear in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—William E. Jarrell and Mary E. Jarrell, his wife, the plaintiffs, seek to recover damages in this action for personal injuries to Mary E. Jarrell, the wife, alleged to have been caused by the negligence of the defendant.

It is claimed that at the time of the accident, there was an awning at the north-west corner of King and Fourth Streets in this city, extending out about eight feet southerly from the curb stone and running about ten feet westerly over the wagon-way of Fourth Street. That the awning was from seven to ten feet high, and was supported by props at the outer corners and had a roller pole about ten feet long and two or three inches thick, and was fastened by a rope or wire and weights to keep it down; that it was used as a cover for a fruit stand in the bed of Fourth Street.

It is claimed that the awning was a dangerous obstruction on the said street, which was a highway of this city, within the knowledge of the defendant, and had been suffered and permitted by the defendant to remain upon the street for some two or three years prior to the time of the accident.

That on the nineteenth day of June, 1902, while the plaintiff Mary E. Jarrell, in the exercise of due caution, was walking down King Street, a rope or one of the poles securing or supporting the

awning was struck by a wagon, which caused the awning to fall
down upon her; that she was struck in the head by a pole or prop
of the awning, knocked down, badly hurt and thereby received the
injuries complained of in this suit.

It is not denied by the defendant that Fourth Street where
the accident happened was a public highway, over which the city
had exclusive jurisdiction and control.  It is not denied that it was
the duty of the city to keep the same free from obstructions and
reasonably safe for the use of the traveling public.

The defendant contends that the awning was lawfully on Fourth
street, and that it was not a dangerous obstruction but was reason-
ably safe.

At the time of the accident, under an ordinance of this city it
was lawful for the northerly side of Fourth street, between King
and Market streets, for a space of eight feet from the curb line, to
be used for the sale of peaches, in peach season, and for the sale of
domestic fruits of all kinds by one who was either a producer or his
agent.

If the stand covered by the awning in question was there for
that purpose at the time of the accident, and the awning was a
reasonably safe one for such place and purpose, it was there law-
fully.   Under such circumstances, if the awning was thrown down
by the passing wagon of a third person, and the injuiries complained
of resulted from that cause only, the city would not be liable, and
your verdict would be for the defendant.

On the other hand, should you be satisfied from the evidence,
that the awning, either in its material or in its construction or
maintenance was of such a character as to be a menace, and
dangerous in itself to persons using such public highway, where
persons in vehicles of every kind are passing and are liable to come
in contact with such awning, it would be an unlawful obstruction.

Such an awning, if suffered to remain on the street for an
unreasonable time after notice or knowledge thereof had come to
the defendant, either express or implied ; the city would be liable

for any injuries that that might result from the falling of the awning, even though it was struck by the passing wagon of the third person, which thereby contributed to the accident. It would constitute continuing negligence on the part of the city, entering into the accident, to permit such dangerous obstruction so to remain.

Where the negligent acts of two or more independent persons have between them caused damage to a third, the sufferer is entitled to sue any or all the negligent persons, though he cannot recover in the whole more than his whole damages. (*Pollock on Torts, 181-2*, and cases cited).

Whether the awning in question was dangerous in itself or was a reasonably safe and proper one for such a place and purpose, due regard being had to the safety of people using the highway, is a question of fact for you to determine from all the evidence in the case.

In order to render the defendant liable, it must appear that it had notice or knowledge of the obstruction for such time as would have been sufficient for its removal. This notice may be either express or implied.

Implied or constructive notice is where an obstruction has existed and continued on the public highway for such a time as the city by reasonable diligence might have obtained knowledge thereof.

This action being founded upon the negligence of the defendant, the burden is upon the plaintiffs to show such negligence.

To entitle the plaintiffs to recover, the evidence should show to your satisfaction that the awning which caused the injury was in itself a dangerous obstruction.

That the city had actual or constructive notice of such obstruction.

That the injuries complained of were caused by the proximate negligence of the defendant.

If you find a verdict for the plaintiffs, it should be for such a reasonable sum as will compensate them for the injuries of the wife, for her pain and suffering in the past for such as may come in the

future resulting.from the accident, and for such permanent injuries as you may believe she has sustained from the accident.

Verdict for plaintiff for $1250.