ECKLEY v. DANIEL et al.

(Circuit Court, D. Nevada. July 16, 1908.)

No. 984.

1. SPECIFIC PERFORMANCE (§ 70*)—CORPORATE STOCK—SALE.

Where a bill for specific performance of a contract for the sale of mining stock did not show that the stock could not be purchased in the market, and that its pecuniary value was not readily ascertainable, or that it had a peculiar value to plaintiff, it did not state a case for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 203; Dec. Dig. § 70.*]

2. PLEADING (§ 8*)—CONCLUSIONS—CONTRACTS—RATIFICATION.

In a suit for specific performance of an employment contract for services rendered, an allegation in the bill that defendant corporation ratified the acts of D., who employed plaintiff, and ratified the contract of employment between plaintiff and D., was a mere conclusion of law, and insufficient to show that the corporation was bound by the contract, under the rule that, if the corporation ratified the contract of the promoter, the facts constituting such ratification must be pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

In Equity. Action by J. Eckley against J. B. Daniel and the Nevada Wonder Mining Company. On demurrer to complaint. Sustained.

B. R. McCabe, for plaintiff.
Campbell, Metson & Brown, for defendants.

FARRINGTON, District Judge. The complainant alleges that on the 9th day of July, 1906, he entered into a written agreement with J. B. Daniel and associates, under the terms of which he was to prospect for and examine mining property in the state of Nevada for the benefit of defendant Daniel, and that he should receive compensation for his services at the rate of $10 per week and board. The agreement set out in the bill provides, also, that in case mining property purchased by Daniel and his associates is examined and reported on by Eckley at the instigation of Daniel, then Eckley is to receive as further compensation—

"10,000 shares of the capital stock of a $1,000,000 corporation, whose shares shall have a par value of $1 each (or the same proportion to the whole in the event of the capitalization being made at any other sum), of a company organized to take over, develop, and mine such property."

In pursuance of this agreement, Eckley, at the instance of Daniel, examined and reported on a certain mining property at Wonder, Nev., in August and September, 1906, and advised its purchase. Daniel and his associates subsequently bought the property, and later a corporation was organized with a capital stock of 1,500,000 shares of the par value of $1 each. This corporation became the owner of the property. Daniel and the Nevada Wonder Mining Company each own not less than 15,000 shares of said stock. These shares are al-

leged to be worth $30,000. It is averred that the corporation ratified the contract between plaintiff and Daniel; that on the 24th day of October, 1906, plaintiff demanded of Daniel, and also of said company, 15,000 shares of said capital stock, but each of them refused to deliver the stock, or any part of it, to plaintiff. Thereupon plaintiff, by due notice, terminated the relation of employer and employé theretofore existing between Daniel and himself. It is also set out in the bill that complainant—

"has no adequate remedy at law, for the reason that his rights in and to the mining property, whose value his experience enabled him to discover, are of so peculiar a nature that it can only be measured, at the present or in the future, by the stocks of said corporation, their peculiar nature, subject, as they are, to rising and falling according to the value of the said property is revealed and extracted in the mining process, and damages at law might take from him and give to others the compensation for which he took the risk in spending months upon the desert."

The prayer of the bill is that defendants be required specifically to perform said agreement, and issue, or cause to be issued, to plaintiff 15,000 shares of the capital stock of said corporation, and for other proper equitable relief.

Each defendant has demurred to the bill, first, on the ground that it is without equity in this, that it does not show that plaintiff has no adequate remedy at law, and, second, on the ground that no cause of action against the defendant Nevada Wonder Mining Company is shown.

[1] The rule is well established that a court of equity will not in general decree the specific performance of a contract to convey corporate stock because its monetary value recovered as damages will enable the plaintiff to purchase other stock of the same kind in the market. If it is made to appear in the bill that the stock cannot be purchased in the market, and that its pecuniary value is not readily ascertainable, or that the stock which is the subject of the contract has a peculiar value, to the plaintiff, specific performance will usually be decreed. In this case the bill contains no averment of any peculiarity in the nature of the stock in question which is not possessed by all mining stock, and in a greater or less degree by nearly all corporate stock of every kind. There is nothing in the bill showing that like stock cannot be readily purchased in the market. Therefore I must hold that complainant has failed to show that he has no adequate remedy at law.

[2] The allegations of the bill are insufficient to show any liability on the part of the defendant Nevada Wonder Mining Company. The statement "that the said corporation did ratify the acts of said Daniel, and did ratify the contract between the said Daniel and the plaintiff herein," is all which connects the corporation defendant with the contract set out in the bill. The statement is, at best, but a conclusion of, law. If the corporation ratified the contract and the acts of Daniel, the facts which constitute such ratification should be pleaded.

The demurrer must be sustained.