WRITESMAN *v.* PETTIS DRY GOODS COMPANY.

[No. 11,962.   Filed February 25, 1925.]

1. CORPORATIONS.—*Complaint against a corporation for slander held to sufficiently allege that employee making defamatory statement was acting within scope of employment.*—In an action against a corporation for slander, a complaint alleging that "the defendant company then and there, and by and through said agent, servant and employee, acting for and on behalf of defendant," falsely and maliciously spoke the alleged false and defamatory words thereafter set out, sufficiently alleged that the employee making the defamatory statement was acting within the scope of his employment, as the averment quoted is equivalent to an averment that the alleged slander was uttered by the defendant, acting through its agent and servant.   p. 505.

2. CORPORATIONS.—*Liable for slander committed by authority of corporation, whether the authority be express or implied.*—A corporation may be liable for slander committed by an agent, the test being whether the slander was committed by the authority of the corporation, either express or implied from the nature of the employment and the duties incident thereto. p. 510.

From Marion Circuit Court (36,975); *Harry O. Chamberlain,* Judge.

Action by Hattie Writesman against the Pettis Dry Goods Company.   From a judgment for defendant, the plaintiff appeals.   *Reversed.*

*Leo X. Smith* and *Newton E. Elliott,* for appellant.

*Emsley W. Johnson, William F. Elliott* and *Byron K. Elliott,* for appellee.

McMAHAN, J.—This is an appeal from a judgment sustaining a demurrer to a complaint which alleged that appellee, a corporation, by and through a servant and agent acting for and on behalf of appellee, in the hearing of divers persons, falsely and maliciously spoke and uttered certain false and defamatory words concerning appellant.

The questions involved in this appeal relate to the right to maintain an action for slander against a corporation, and the necessity of an allegation in the complaint that the agent or servant in uttering the alleged slanderous statement was, in so doing, acting within the scope of his employment.

Appellee's first contention is that the complaint is not sufficient because there is no allegation that the employee making the statement was acting within the scope of his employment. It is to be observed that the complaint, in direct language, alleges that the "defendant company then and there and by and through said agent, servant and employee acting for and on behalf of defendant" falsely and maliciously spoke the alleged false and defamatory words. This is a direct charge that the alleged wrong was committed by the defendant. This is equivalent to an averment that the alleged slander was uttered by the defendant, acting through its agents and servant. That made it a question of evidence as to whether the servant was acting within the scope of his employment at the time when the alleged statement was made. *Wabash R. Co.* v. *Savage* (1886), 110 Ind. 156; *Southern R. Co.* v. *Crone* (1912), 51 Ind. App. 300. On the authorities of these cases, we hold the complaint is not subject to demurrer because it does not allege that the employee was acting within the scope of his employment.

We now pass to a consideration of appellee's contention that a corporation is not liable for a slander committed by an agent or employee, when not expressly authorized or ratified by it.

*Southern Ice Co.* v. *Black* (1916), 136 Tenn. 391, 189 S. W. 861, Ann. Cas. 1917E 695, cited by appellee, was an action by a servant of a corporation for damages for slander spoken by one servant of another servant. In discussing the liability of the defendant in that case,

the court said: "We do not say that a corporation or an individual would not be liable in particular cases for the slanderous words uttered by a servant; but to make a case of liability the plaintiff must show either that the master expressly authorized the speaking of the slanderous words, or that it would be necessary to speak them in the course of the performance of the duty assigned to the servant, or that it has been ratified by the master. The precise question is the liability of a corporation for damages for oral slander spoken by one servant of another while acting within the scope of his authority and in the interest of the master, but who was not actually authorized to speak the slanderous words. We do not think speaking the slanderous words would fall * * * within the contemplation of the parties when they made the contract of employment, either that the master impliedly authorized the foreman to speak the words, or that he so agreed to indemnify his other servant against such conduct. * * * What we have said, of course, does not apply to a third party to whom the master owes a special duty."

The words spoken in that case had a qualified privilege. Not that they were not slanderous *per se,* and ordinarily actionable, but that under the evidence they were not actionable unless malice was proven.

*Republic Iron & Steel Co.* v. *Self* (1915), 192 Ala. 403, 68 So. 328, L. R. A. 1915F 516, was an action for damages for abusive and insulting language used by the servant of a corporation. The court, after calling attention to the fact that the suit was not for slander, by the way of obiter, said: "If it were such, no recovery could be had under this evidence, for is well settled in this jurisdiction that a corporation will not be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the com-

pany and within the scope of his duties, unless it be proved that the corporation expressly ordered and directed that officer to say those very words; for slander is the voluntary and tortious act of the speaker."

But the same court in *McIntyre* v. *Cudahy Packing Co.* (1913), 179 Ala. 404, 60 So. 848, when the question was involved, said it was well settled in that state that a corporation could not commit slander, and could only become liable for the utterance of its agents by expressly authorizing them, or by approving or ratifying them.

*In Duquesne Distributing Co.* v. *Greenbaum* (1909), 135 Ky. 182, 121 S. W. 1026, 24 L. R. A. (N. S.) 955, 21 Ann. Cas. 481, which was an action against a partnership for slander, the court, after discussing the law relative to libel, said: "Without including in what we say the rules applicable when the action is for libel, and confining our opinion to actions for slander, as that is the question we are dealing with, we think that a partnership or corporation cannot be held liable for the slanderous utterance of its agents or servants unless the actionable words were spoken by its express consent, direction, or authority, or are ratified or approved by it. Generally speaking, when it is attempted to hold the master or principal liable for the wrongful acts of his servant or agent, it is sufficient to describe in a general way the wrongful act, and charge that it was done by the servant while acting within the scope of his employment. * * * But a different rule should be applied when it is attempted to hold the master or principal in slander for defamatory words spoken by his * * * servant. Slanderous words are easily spoken, are usually uttered under the influence of passion or excitement, and more frequently than otherwise are the voluntary thought and act of the speaker. Or, to put it in another way, the words are not gen-

erally prompted by or put in the mouth of the speaker by any other person, and represent nothing more than his personal views or opinions about the person or thing spoken of.  \*  \*  \*  And so we think that, when it is sought to charge the master or principal in any state of case with liability for defamatory utterances of the servant or agent, it is not sufficient to aver or prove that the servant or agent at the time was engaged in the service of the master or principal, or acting within the scope of his employment in the ordinary use of that word.  But it must be further averred and shown that the principal or master directed or authorized the agent or servant to speak the actionable words, or afterwards approved or ratified their speaking."

In *Flaherty* v. *Maxwell Motor Co.* (1915), 187 Mich. 62, 153 N. W. 45, the court, quoting from 18 Am. & Eng. Ency. of Law 1059, said: "The accepted doctrine is stated as follows:  'It was for a long time thought that a corporation could not in any case be held civilly liable for a slander.  But at the present time the better doctrine would seem to be that, while a corporation is not ordinarily liable for a slander uttered by one of its agents, even though in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of the agency, the corporation may be held liable where it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question.'"  And after quoting from *Singer Mfg. Co.* v. *Taylor* (1907), 150 Ala. 574, 43 So. 210, 9 L. R. A. (N. S.) 929, 124 Am. St. 90, the court, continuing, said: "Our examination of the cases satisfies us that the great weight of the authorities holds that a corporation is not liable for slander uttered by its servants unless it affirmatively appears that the agent was expressly authorized to

speak the words in question or the corporation subsequently ratified the utterance." To the same effect, see *Jackson* v. *Atlantic, etc., R. Co.* (1911), 8 Ga. App. 495, 69 S. E. 919.

But the Supreme Court of the United States, in discussing the liability of a corporation for libel, said: "The result of the authorities is, as we think, that in order to hold a corporation liable for the torts of any of its agents, the act in question must be performed in the course and within the scope of the agent's employment in the business of the principal. The corporation can be held responsible for acts which are not strictly within the corporate powers, but which were assumed to be performed for the corporation and by the corporate agents who were competent to employ the corporate powers actually exercised. There need be no written authority under seal or vote of the corporation, constituting the agency or authorizing the act. But in the absence of evidence of this nature there must be evidence of some facts from which the authority of the agent to act upon or in relation to the subject-matter involved may be fairly and legitimately inferred by the court or jury." *Washington Gas Light Co.* v. *Lansden* (1898), 172 U. S. 534, 19 Sup. Ct. 296, 43 L. Ed. 543.

In *Courtney* v. *American Ry. Exp. Co.* (1922), 120 S. C. 511, 113 S. E. 332, 24 A. L. R. 128, the court said: "After much discussing and great divergence of opinion, it may be regarded as settled by practical unanimity of text-writers and decided cases, that slander is in the same category with all other malicious torts, and that a corporation may be liable for it as well as for any of the others, under like circumstances. * * * In order to hold the master liable for the tort of his servant, the servant must have been at the time en-

gaged in the discharge of duties intrusted * * * to the particular matter in hand and acting within the apparent scope of his employment."

In *Hypes* v. *Southern R. Co.* (1908), 82 S. C. 315, 64 S. E. 395, 21 L. R. A. (N. S.) 873, 17 Ann. Cas. 620, a railway company was held liable for slander, uttered by a division superintendent while examining the time account of an engineer, which charged the engineer with stealing from the company. In *Rivers* v. *Yazoo, etc., R. Co.* (1907), 90 Miss. 196, 43 So. 471, 9 L. R. A. (N. S.) 931, the court held that a corporation was liable for slander spoken by its agent while acting within the scope of his employment, and in the actual performance of the duties of the corporation touching the matter in question, although it did not appear that the slanderous words were uttered and published with the knowledge, approval, consent, or ratification of the corporation.

While there are a few cases holding that a corporation cannot be held liable for slander, the great weight of the authorities is that a corporation may
2.   be liable for a slander committed by an agent, and that the test of liability depends upon whether the slander was committed by the authority of the corporation, express, or fairly implied from the nature of the employment and duties incident thereto. In addition to authorities hereinbefore cited, see *Sawyer* v. *Norfolk, etc., R. Co.* (1906), 142 N. C. 1, 54 S. E. 793, 115 Am. St. 716, 9 A. & E. Ann. Cas. 440; *Fensky* v. *Maryland Casualty Co.* (1915), 264 Mo. 154, 174 S. W. 416, Ann. Cas. 1917D 963; *Vowles* v. *Yakish* (1920), 191 Iowa 368, 179 N. W. 117, 13 A. L. R. 1132; *Allen* v. *Edward Light Co.* (1921), 209 Mo. App. 165, 233 S. W. 953; *Grand Union Tea Co.* v. *Lord* (1916), 231 Fed. 390, 145 C. C. A. 384, Ann. Cas. 1918C 1118.

Without entering any further into the discussion of

the circumstances under which a corporation can be held liable for slander, we hold the complaint sufficient to withstand a demurrer.

Judgment reversed, with directions to overrule the demurrer to the complaint.