Linwood D. Hitchens *vs.* Wilmington and Philadelphia Traction Company and Neal B. Kelly.

*(March 25, 1927.)*

Pennewill, C. J., and Harrington, J., sitting.

*William W. Knowles, W. Thomas Knowles,* and *Wilbur L. Adams* for plaintiff.

*Andrew C. Gray* (of Ward, Gray & Ward) for defendant, Wilmington and Philadelphia Traction Company; *Philip L. Garrett* for defendant, Neal B. Kelly.

Superior Court for New Castle County, March Term, 1927. No. 102, May Term, 1925.

Harrington, J., charged the jury in part as follows:

It has been held in this state that the testimony of witnesses who swear positively that they heard or saw a warning of danger is of more weight than the testimony of those who merely swear that they did not hear or see such warning; but the testimony of witnesses who swear positively that there was no warning given is of as much weight as the testimony of those who swear that they heard or saw the warning claimed to have been given.[1]

\* \* \*

[1] But see B. & O. R. R. Co. & Hawke, 4 W. W. Harr. (34 Del.) —, 143, Atl. 27.

■ There are two defendants in this action. As we have already stated, the basis of this action is negligence, and in order for the plaintiff to recover he must show to your satisfaction by the preponderance of the evidence that the negligence which caused his injuries was the negligence of both defendants jointly, or of one of them.

■ The plaintiff alleges and claims that both defendants were negligent at the time that he was injured. Both defendants deny, however, that there was any negligence, whatever, on their parts, either jointly or severally. In *Atlantic & Pacific R. Co. v. Laird*, 164 *U. S.* 393, 17 *S. Ct.* 120, 41 *L. Ed.* 485, the Supreme Court of the United States said:

"The defendants, being joint tort-feasors, might have been sued either separately or jointly at the election of the injured party, and if, upon the trial, the proof warranted, a recovery might have been had against a single defendant. *Sessions v. Johnson*, 95 *U. S.* 347 [24 *L. Ed.* 596].

"The right of recovery against one of several joint tort-feasors thus existing is in principle analogous to the rule declared by Chitty at *Page* 386 of his work on Pleading, to the effect that in torts the plaintiff may prove a part of the charge if the averment be divisible and there be enough proof to support his case. This is illustrated at *Page* 392, where Chitty says:

" 'In an action *ex delicto* [and this is an action of that character], upon proof of part only of the injury charged, or of one of several injuries laid in the same count, the plaintiff will be entitled to recover *pro tanto*, provided the part which is proved afford per se a sufficient cause of action, for torts are, generally speaking, divisible.'

"As, therefore, in an action against joint tort-feasors recovery may be had against one, it follows that allegations alleging a joint relationship and the doing of negligent acts jointly are divisible, and that a recovery may be had where the proof establishes the connection of but one of the defendants with the acts averred."

In *Jarrell v. Wilmington*, 4 *Penn.* 454, 56 *A.* 379, this Court, also, said:

"Where the negligent acts of two or more independent persons have between them caused damage to a third, the sufferer is entitled to sue any or all the negligent persons, though he cannot recover in the whole more than his whole damages. *Pollock on Torts*, 181, 182."

See, also, Cooley on Torts, *p.* 227, and Curtis on the Law of Electricity, p. 645.

It, therefore, follows that there cannot be a verdict against both defendants unless you believe that there was negligence on

the part of both of such defendants constituting the proximate cause of plaintiff's injuries.

Depending upon the evidence, you may, however, find any one of four verdicts, namely:

(1) Verdict for the plaintiff against both defendants;

(2) Verdict for the plaintiff against the defendant, Kelly;

(3) Verdict for the plaintiff against the defendant, the Wilmington & Philadelphia Traction Company;

(4) Verdict for the defendants.

If you believe the plaintiff's injuries were caused by the joint negligent acts of both defendants and there was no negligence on the part of the plaintiff at the time in any degree contributing to such injuries, your verdict should be for the plaintiff and against both defendants.

If you believe that the plaintiff's injuries were caused by the negligence of Neal B. Kelly alone, and there was no negligence on the part of the plaintiff at the time contributing in any degree to such injuries, your verdict should be for the plaintiff, and against the defendant, Kelly.

If you believe that the plaintiff's injuries were caused by the negligence of the Wilmington & Philadelphia Traction Company alone, and there was no negligence on the part of the plaintiff at the time contributing in any degree to such injuries, your verdict should be for the plaintiff and against the Traction Company.

If, however, you believe that there was no negligence on the part of both of the defendants, or on the part of either of them, constituting the proximate cause of the plaintiff's injuries, or even if there was, if you, also, believe there was negligence on the part of the plaintiff at the same time in failing to see said pile of sand, or otherwise, and contributing in any degree to such injuries, your verdict should be for the defendants.

Note.—After deliberating on the case, the jury sent word to the Court that they had agreed on a verdict. When they were brought into the courtroom and the Prothonotary was directed to take their verdict in the regular way, the foreman announced that they had agreed on a verdict in favor of the plaintiff and against the defendant, the Wilmington & Philadelphia Traction Company, for $750,00, and in favor of the plaintiff and against the defendant, Neal B. Kelly, for $62.00.

The jury was then instructed that the Court could not accept a verdict of that character, and that, if they found against both defendants, the verdict must be joint and the degrees of their negligence could not be apportioned between them. *Cooley on Torts, p.* 223. The jury again retired to deliberate on the case, and subsequently agreed on a verdict in favor of the plaintiff and against both defendants for $812.00.