ETHEL H. RAMSEY *v.* CAROLINE J. RAMSEY and ROBERT R. REDINGTON.

(*June* 2, 1931.)

PENNEWILL, C. J., and RICHARDS, J., sitting.

*James R. Morford* (of Marvel, Morford, Ward and Logan) for plaintiff.

*Caleb S. Layton* and *David J. Reinhardt, Jr.,* for defendants.

Superior Court for New Castle County, No. 11, November Term, 1930.

RICHARDS, J., charging the jury:

This action has been brought by Ethel H. Ramsey, the plaintiff, against Caroline J. Ramsey and Robert R. Redington, the defendants, to recover damages for the injury which she claims to have sustained by the loss of the affections of her husband, Joseph G. Ramsey.

The various counts of the plaintiff's declaration charge that the defendants were responsible for her loss of her said husband's affections, and the damage resulting therefrom. This charge is denied by the defendants.

We have been requested to instruct you to return a verdict for the plaintiff against both of the defendants, or, to return a verdict for the plaintiff against each of the defendants separately, for, at least, nominal damages. This we decline to do.

Therefore, gentlemen, the sole question for your determination is, whether either or both of the defendants are responsible for the plaintiff's loss of the affection of her husband, Joseph G. Ramsey.

█ If you should be satisfied by a preponderance of the evidence that the defendants, Caroline J. Ramsey and Robert R. Redington, are both responsible for the plaintiff's loss of the affections of her said husband, your verdict should be for the plaintiff against both the defendant, Caroline J. Ramsey, and the defendant, Robert R. Redington; or, if you should be satisfied by a preponderance of the evidence that the defendant, Caroline J. Ramsey, alone is responsible for the plaintiff's loss of the affections of her said husband, your verdict should be for the plaintiff and against the defendant, Caroline J. Ramsey, alone; or, if you should be satisfied by a preponderance of the evidence that the defendant, Robert R. Redington, alone was responsible for the plaintiff's loss of the affections of her said husband, your verdict should be for the plaintiff and against the defendant, Robert R. Redington alone. *Hitchens v. W. & P. Tr. Co., et al.*, 3 *W. W. Harr.* (33 *Del.*) 375, 138 *A.* 617.

█ The law recognizes that a husband and wife are each entitled to the comfort, fellowship, society, aid, and assistance of the other. *Lupton v. Underwood*, 3 *Boyce* (26 *Del.*) 519, 85 *A.* 965.

██ These rights of the one and obligations of the other spring from the marriage relations. The words, comfort, fellowship, society, aid, and assistance, as above referred to, are embraced in the general word "consortium," and for the loss of this consortium the law provides a remedy to the injured husband or wife against one who wrongfully causes such loss.

■ The cause of action is the loss of consortium, and alienation is evidence of the loss of consortium and an aggravation of it.

■ In your consideration of this case, it is proper for you to assume that the plaintiff's husband, who lived and cohabited with her for a time after their marriage, had, during that period, an affection for his wife, but this is only an assumption, and is capable of being rebutted by any testimony in the case showing that no such affection existed.

■■ It must appear by a preponderance of the evidence that the alienation and loss of consortium were wrongfully, unjustly, and effectively caused by the defendants, or either of them, as alleged in the plaintiff's declaration in order to warrant any verdict whatever for the plaintiff. In order to entitle the plaintiff to recover, it is not necessary that it shall appear that the conduct of the defendants, or either of them, was the sole cause of the alienation and loss of consortium. It is sufficient if the conduct of the defendants, or either of them, was the controlling and effective cause.

■ If the conduct of the defendants, or either of them, was effective in causing the injury complained of, any unhappiness between the plaintiff and her husband would not justify or excuse the defendants, or either of them, for any unlawful interference between them, for, even if it should appear that Joseph G. Ramsey had little or no affection for his wife, yet no third person has a right to interfere or cut off all chance of such affection springing up in the future. *Lupton v. Underwood,* 3 *Boyce* (26 *Del.*) 519, 85 *A.* 965.

We have instructed you with respect to the general rule of law applicable to an action for the alienation of affections. A somewhat different rule obtains where the person charged with causing the separation is a parent. Perhaps, it would be better to say that in such case the general rule is modified, because of the interest a parent still has in a child, even after marriage.

■ A mother is not to be held liable to the wife of her son for causing their separation if the counsel given and the persuasion used by her are such as she honestly believed to be called for, for the best interests of the child, and are in good faith, from proper motive, justified by the existing situation or condition, and without malice.

■ The marriage of a child does not terminate the rights of a parent to interest herself in the child's welfare or .happiness, but this fact does not justify or excuse a parent who, from improper motives, induces a son to leave his wife.

■ Such a parent may be liable in damages to the deserted spouse if the separation was caused by such motives.

In an action against a parent, for alienation of affections, malice must be shown, but it need not be direct or express. It may be implied from the facts and circumstances proved. That is to say, it is not necessary that there should have been any spite, hatred, or revengeful feeling on the part of the defendant towards the plaintiff, because any wrongful act done intentionally, tending to injure, and without just cause, or excuse, is malicious.

While the mother is not liable, even though she caused the separation, if she acted in good faith, honestly, from a proper motive, and without malice, she would be liable if she acted from spite, hatred, or any other improper, mean, or unworthy motive.

It is for the jury to decide, from all the testimony, whether the conduct of the mother was the controlling cause of the separation of her son and his wife, and, if it was, then they must further decide whether the mother was actuated by a proper or improper motive. And in deciding whether her conduct was reasonable and proper, the jury may take into consideration the rights of the mother as well as the rights of a wife, bearing in mind what we have told you respecting the rights of each.

■ We may say to you in this connection that the mother was under no obligation to furnish a home for her son's wife after the separation.

What the Court has said with respect to the motive of the mother does not apply to the other defendant, whom the law regards as a stranger in the case, and liable to the plaintiff if his conduct was the controlling cause of the separation.

■ If, however, the alleged conduct of the defendants, or either of them, was not the controlling and effective cause of the alienation, the plaintiff cannot recover. If you should be satisfied from the evidence that the conduct of the defendants, or either of

them, was the effective cause of the loss of affection sustained by the plaintiff, then any unhappiness between the plaintiff and her husband, while living together, for which the defendants, or either of them, was not responsible, would not, in itself, constitute a bar to the plaintiff's action, but must be considered in mitigation or reduction of damages.

The extent of the actual injury to the plaintiff, will, of course, depend upon the prior relations between the plaintiff and her husband.

Evidence in mitigation or reduction of damages will, therefore, be received which tends to show that the plaintiff has, in effect, suffered less injury than would otherwise be a probable inference from the act complained of.

It is proper, therefore, if you consider that the action of the defendants, or either of them, was the effective cause to the loss suffered by the plaintiff, for you to consider in mitigation of damages, but not in bar of the action, evidence, if any, which shows any unhappy relations existing between the plaintiff and her husband, not caused by the defendants, or either of them; any want of affection for each other, together with all the circumstances of their married life. These are to be considered by you to determine whether, on account of such relations, the plaintiff lost much or little by reason of the alleged acts of the defendants.

(The court then charged on the rule as to the preponderance of the evidence in civil cases and as to the law applicable where the evidence is conflicting.)

If you find from the evidence that the defendants wrongfully and unjustly, by any or all of the acts complained of, had a controlling and effective influence in alienating the affections of the plaintiff's husband, your verdict must be for the plaintiff, and in such case, the measure of damages would be such as you believe would reasonably compensate the plaintiff for the injury to her feelings, for the loss of her husband's comfort, fellowship, aid, and assistance.

If you find from the evidence that the defendant, Caroline J. Ramsey, alone, wrongfully and unjustly, by any or all of the acts

complained of, had a controlling and effective influence in alienating the affections of the plaintiff's husband, your verdict should be for the plaintiff, and, in such case, the measure of damages would be such as you believe would reasonably compensate the plaintiff for the injury to her feelings, for the loss of her husband's comfort, fellowship, aid, and assistance.

If you find from the evidence that the defendant, Robert R. Redington, alone, wrongfully and unjustly, by any or all of the acts complained of, had an effective influence in alienating the affections of the plaintiff's husband, your verdict should be for the plaintiff and against Robert R. Redington; and in such case the measure of damages would be such as you believe would reasonably compensate the plaintiff for the injury to her feelings, and for the loss of her husband's comfort, fellowship, aid, and assistance.

If you believe from a preponderance of the evidence that the defendants wilfully and maliciously committed the injury or wrong complained of in this action, you may, in addition to any compensatory damages that you think her entitled to, award to the plaintiff such damages as you may consider proper as a punishment to the defendants and an example to others. But we say to you that such damages are based on the enormity of the offense and its malicious, wilful and aggravated character, and you must be satisfied that such was the character of the offense before you can award damages of this kind.

It has been held by this court heretofore that it was a question for the jury to say whether there were circumstances of aggravation in the case which ought, in their judgment, to require a departure from the general rule of compensatory damages, and which called on them to add anything by way of public example or punishment.

Testimony has been admitted, as you know, showing the financial condition of the defendants, and their ability to respond in damages to the plaintiff.

The defendants have requested the court to instruct you that you are not to consider such evidence unless you find that the acts of the defendants were wilful and malicious.

The Court is of the opinion that this prayer or request is a correct statement of the law on the subject, and you are, therefore, instructed that the evidence relative to the financial condition of the defendants should not be considered by you unless you find that their acts were wilful and malicious, and the defendants are liable for punitive damages. 13 *R. C. L.* 528.

The Court permitted the plaintiff to show by Mrs. Caroline J. Ramsey's trustee, not only the income received by her from the trust, but also the *corpus* thereof; that is, the investments from which the income was derived. We think you should be instructed that while such testimony was admitted, it was solely for the purpose of showing the source of the income, and not at all to show what property she possessed. The income from the investments mentioned by the trustee was her property, but the securities, constituting the *corpus* of the trust were not, and they should not be considered by the jury in determining what property Mrs. Caroline J. Ramsey has.

Now, lastly, if you find from the evidence that the conduct of the defendants, or either of them, was not the controlling and effective influence in alienating the affections of the plaintiff's husband, your verdict should be for the defendants.

Note.—The jury found a verdict in favor of the plaintiff against the defendant, Caroline J. Ramsey, for thirty-eight thousand dollars ($38,000) and against the defendant, Robert R. Redington, for two thousand dollars ($2,000). Among other reasons, by reason of the fact that the verdict was apportioned and not joint, the defendants filed a motion for a new trial and in arrest of judgment.

They mainly relied on the note attached to *Hitchens v. Wilmington & Phila. Tr. Co.,* 3 *W. W. Harr.* (33 *Del.*) 375, 378, 138 *A.* 617, where the court refused to accept a similar verdict in a joint tort action.

The attorney for the plaintiff in his brief conceded that if both defendants were guilty there should have been a joint verdict against them, as stated in the note to *Hitchens v. Wilmington & Phila. Tr. Co.,* referred to by the defendant. He claimed, however, that this defect could be cured by his electing to have judgment

entered against one of the defendants for the amount of the verdict found against such defendant and electing to have a judgment of *nolle prosequi* entered against the other of such defendants.

In support of this contention, he cited *Woolley's Del. Prac.*, § 765, where the author said that a judgment of *nolle prosequi* "is a judgment entered against a plaintiff where after appearance and before judgment he says that he will not further prosecute his suit."

So in 1 *Tidd's Pr.* 682, the statement was made that in trespass in an action for a wrong against several defendants, the plaintiff might, at any time before final judgment, enter a *nolle prosequi* as to one defendant, and proceed against the others. He also cited 27 *R. C. L.* 894, § 66; 2 *South. on Damages* (4th *Ed.*) 2615, § 1279; 4 *Sedgwick on Dam.* (9th *Ed.*) 2615, § 1279; *Nashville Ry. & Light Co. v. Trawick,* 118 *Tenn.* 273, 99 *S. W.* 695, 121 *Am. St. Rep.* 996, 12 *Ann. Cas.* 532, 10 *L. R. A.* (*N. S.*) 191 and note; *Mitchell v. Millbank,* 6 *T. R.* 199, 101 *Eng. Rep.* 510; *Salmon v. Smith,* 85 *Eng. Rep.* 209 and note; *Rodney v. Strode,* 87 *Eng. Rep.* 64, (*Affirmed in* 90 *Eng. Rep.* 616 *and according to the Reporter, later affirmed in the House of Lords*); *Heydon's Case,* 11 *Coke* 7a, 7b, 77 *Eng. Rep.* 1154, and annotations; *Clissold v. Machell, et al.,* 26 *Upper Canada* (*Q. B.*) 422.

He pointed out that the question was thoroughly discussed in the cases cited in *Nashville Ry. & Light Co. v. Trawick,* 118 *Tenn.* 273, 99 *S. W.* 695, 121 *Am. St. Rep.* 996, 12 *Ann. Cas.* 532, 10 *L. R. A.* (*N. S.*) 191 and note, and in *Clissold v. Machell, et al.,* 26 *Upper Canada* (*Q. B.*) 422, *supra.* The *Tennessee* case in particular pointed out that there were cases in which the courts had set aside the verdict in a joint tort action when the damages were apportioned, but that such cases did not represent the majority rule.

The American cases are cited in the *Tennessee* case above referred to and are to the effect that the plaintiff in a tort action may enter a *nolle prosequi* as to any defendant in such action at any time after the suit is docketed, even after verdict and before judgment.

While most of the cases refer to an apportioned verdict in a joint tort action as an irregularity that may be cured in the manner

above suggested, some courts take the position that the defect would not constitute reversible error though judgment should be entered on such verdict. *Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co. (C. C. A.)*, 11 *F.* (2d) 87; *Nelson v. Halvorson*, 117 *Minn.* 255, 135 *N. W.* 818, *Ann. Cas.* 1913D, 104.

The particular question raised by the motion was not passed on by the court because the case was subsequently settled and by agreement of counsel the plaintiff entered a judgment for an agreed sum against the defendant, Caroline J. Ramsey alone, and a judgment of *nolle prosequi* against the defendant, Robert R. Redington.

But because of the note to *Hitchens v. Wilmington & Phila. Tr. Co., et al.*, above referred to, it seems important to point out the possible mode of curing the defect therein referred to, suggested by the plaintiff's attorney, and, in fact, substantially followed in the settlement made.