GENEVIEVE B. MOLT, PLAINTIFF, v. PUBLIC INDEMNITY COMPANY, DEFENDANT.

Decided July 13, 1932.

For the motion, *Arthur T. Vanderbilt.*

*Contra, W. Howard Demarest.*

MOUNTAIN, S. C. C. This matter comes before me on a motion to strike out the complaint, which, among other things, alleges that the plaintiff is a private citizen of the United States and as such is entitled to the security and liberty guaranteed by the constitution of our government, as well as the State of New Jersey, and privacy to her person, reputation and home.

She had been injured in an automobile accident, and the other person involved in that accident was insured in the defendant corporation. She complains that corporation has violated the rights I have referred to; that it has made a canvass of the plaintiff's neighborhood, including friends and strangers, and interrogated them as to the plaintiff's habits, character, honesty, health, &c., and as to her personal and private affairs, and has made insinuations of fraud and dishonesty, and has in addition, trailed and annoyed the plain-

tiff, following her in her errands and movements from day to day, and causing her to be unnerved and disturbed in mind and body.

There is also a count drawn, which alleges a visitation by the agents and servants of the defendant upon the plaintiff while she was in the hospital and asleep, in an effort, by force and arms, to conduct a physical examination of her person. She claims special damages for the illness resulting from these trespasses, recovery for nervous agitation, and also special damages to her good name, reputation, honesty and integrity.

There is authority for bringing an action of this kind, which is an action for continuous slander—as differentiated from libel. Libel of any kind requires a record. *Jefferies* v. *Duncombe,* 11 *East* 226; *Levi* v. *Milne,* 4 *Bing.* 195; *Schultz* v. *Frank Fort Marine Accident and Plate Glass Insurance Co.,* 151 *Wis.* 537. The facts in the latter case were somewhat similar to those in the action before us, but the justice who decided it held that it was libel. I think it was, in fact, a case of continuous slander. See, also, 43 *L. R. A.* (*N. S.*) 520.

The complaint before me will be stricken out for the following reasons:

1. It is uncertain, vague and indefinite.

2. It attempts to present a case of continuous slander.

3. It joins with that, a count for assault and battery, which is no impropriety, except that the corporation is defendant. The count is bad because it does not allege that the assault was made by an agent or servant of the corporation acting within the scope of his authority.

4. The special damages are not properly pleaded. This does not present a case where the damages follow the slander *per se,* or can they be assessed for physical sickness alleged to have been caused by the plaintiff. *Butler* v. *Hoboken Printing and Publishing Co.,* 73 *N. J. L.* 45; 62 *Atl. Rep.* 272. In other words, the complaint for continuous slander must be drawn with great particularity, and the special damages must be averred with the same care. My criticism of the count, based on assault and battery, has been made.