## James A. MacDonough *v.* The A. S. Beck Shoe Corporation.

(*July* 19, 1940.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*William Prickett* and *Joseph Handler* for plaintiff.

*Stewart Lynch* for defendant.

Superior Court for New Castle County, Action on the case for slander, No. 97, November Term, 1938.

LAYTON, Chief Justice:

This Court considered certain aspects of the original declaration filed in the cause on a motion to expunge certain allegations, and on demurrer. 1 *Terry* (40 *Del.*) 318, 10*A.* 2*d* 510.

The defendant again moves to have stricken certain averments from the declaration as amended. It also moves for a bill of particulars; and it demurs specially.

In the original declaration, as in the amended declaration, the defendant was described as being in the business of operating a chain of shoe stores *"in various cities in the United States and on or about July* 28, 1938, *had substantial assets, having a net worth of approximately Three Million Dollars."*

Again, in both declarations the plaintiff was described as having been employed as the manager of the defendant's shoe store in Wilmington, *"and prior thereto in other similar stores."*

In the amended declaration, it was alleged, *inter alia,* that the defendant neither retracted the charges nor acknowledged their falsity, *"nor has it re-employed the plaintiff in the position from which he was discharged."*

It is contended that the italicized averments are superfluous and extraneous to the issues, and should be expunged.

██ ██ With respect to 'the first two averments the plaintiff insists that the defendant has waived its right to have them stricken from the declaration, for the reason that a motion to strike is, in substance, a demurrer, 21 *R. C. L.* 595; and as the precise allegations appeared without objection in the original declaration, it is too late to except to them now. *Bean v. Ayers,* 69 *Me.* 122. As a general proposition the contention is soundly based. The reason is manifest. Litigation would be unduly protracted, and costs would be unnecessarily augmented by permitting a party having in mind several defects in form to assign them one at a time by successive special demurrers or motions to expunge. But here other considerations must prevail. The averment is a matter of substance; and while the defendant has an appropriate remedy by objecting to testimony offered in support of the averment, or by requesting an instruction to the jury, we are of opinion that the words, "and, on or about July 28, 1938, had substantial assets, having a net worth of approximately Three Million Dollars ($3,000,000)" should be expunged from the amended declaration.

██ If the allegation descriptive of the net worth of the defendant were only for the purpose of introducing evidence of its position and influence in the community, the

question would, at least, be arguable; but it clearly appears from the brief of counsel for the plaintiff that the allegation was made on the theory that, in a case where punitive or exemplary damages are recoverable, evidence of the defendant's financial worth is admissible. In *Robinson v. Burton,* 5 *Harr.* 335, an action by a father for the seduction of his daughter, it was so ruled. But in *Morris v. Barker,* 4 *Harr.* 520, an action for slander, evidence of the defendant's financial circumstances was offered and refused by the Court. It does not appear, however, from the report of the case, that punitive damages were, in fact, asked. In *Nailor v. Ponder,* 1 *Marv.* 408, 41 *A.* 88, the plaintiff claimed punitive damages for an alleged slanderous utterance. The Court expressly charged the jury that while the position, rank and influence of the defendant in the community might be considered in estimating damages, his pecuniary condition should not be considered.

It may be true that the great weight of authority is in support of the rule that the pecuniary circumstances of the defendant in an action for defamation are admissible as tending to show the influence of the words and the extent of the injury occasioned by them, 37 *C. J.* 95; or upon the theory that the damages in such case may properly be termed vindictive rather than compensatory. 1 *Jones Ev.,* § 159. To the contrary is the reasoning that if the defendant in such action is not permitted to show his poverty in mitigation of damages, the plaintiff should not be allowed to aggravate them by proof of his wealth. See observations of Chief Justice Cooley in *Watson v. Watson,* 53 *Mich.* 168, 18 *N. W.* 605, 51 *Am. Rep.* 111.

However difficult it may be to reconcile in principle the rule laid down in *Robinson v. Burton* with that announced in *Nailor v. Ponder,* we do not feel at liberty to disregard the ruling of the latter case as applicable to an

action for defamation. A considered opinion of this Court ought not to be disturbed except for urgent reasons and upon clear manifestation of error. *Wilson v. Bethlehem Steel Co.*, 1 *Terry* (40 *Del.*) 157, 7 *A.* 2d 906; *Hackett v. Bethlehem Steel Co.*, 5 *W. W. Harr.* (35 *Del.*) 317, 165 *A.* 332.

■ The second averment will not be expunged. We see no sufficient reason, in the determination of the plaintiff's injury, to exclude evidence of his training and experience. 37 *C. J.* 95.

■ ■ Generally, no matter should be stricken from a pleading which on an admissible theory, is or may become material to the cause of action or defense, either in itself or in connection with other averments. 49 *C. J.* 720; and while as it will hereafter be shown in considering the demurrer, the third averment is entirely superfluous, it will not be expunged on the ground that it is extraneous to the issues.

■ The defendant has moved for a bill of particulars with respect to several of the allegations contained in the declaration. First, it may be said that much of the information desired may easily be obtained by the defendant through inquiry. Some of it is within its own knowledge; and, with one exception, the allegations with respect to which particulars are asked were in the original declaration which was evidently regarded as sufficiently informative for no request for particulars was then made. But apart from this, in *Oppenheim v. Sterling Tire Corporation*, 2 *W. W. Harr.* (32 *Del.*) 535, 126 *A.* 728, it was said, after careful consideration and a review of the authorities, that the grant of particulars in this State has been confined to actions on contracts and largely to the common counts; and that such applications have been refused in actions for

alienation of affections, in divorce actions, and in criminal cases.

There is no statute governing the matter. No rule of Court is applicable to tort actions. The authority of the cited case ought not to be disregarded. *Wilson v. Bethlehem Steel Co., supra; Hackett v. Bethlehem Steel Co., supra.*

When the demurrer to the original declaration was before the Court, it was contended that the allegations with respect to approval, adoption or ratification by the corporation of its agent's act amounted to a conclusion. The plaintiff, in his brief of argument, admitted that the declaration was deficient in this respect, and suggested that the demurrer be sustained, *inter alia,* on that ground. Upon this admission and suggestion, we said, without further consideration, that the facts upon which the plaintiff relied to constitute ratification by the defendant of the acts of its servant or agent should be specifically alleged; but an examination of the authorities occasioned by the present special demurrer has convinced us that a correction should be made.

Manifestly, in the absence of some special duty owing by a corporation to the person injured, the liability of the corporation for a malicious tort committed by its servant or agent must, ultimately, rest upon an authorization, direct, or indirect as proceeding from the nature of the employment, or upon adoption or ratification of the agent's act.

Although there are authorities holding that the facts constituting ratification by the principal of the agent's act should be specifically alleged, *Eckley v. Daniel, (C. C.)* 193 *F.* 279; *Lipscomb v. Talbott,* 243 *Mo.* 1, 147 *S. W.* 798; *Noble v. Plouf et al.,* 154 *La.* 429, 97 *So.* 599, the generally established rule is that ratification, being retroactive in

its effect and equivalent to original authority, ·may be proved under a general averment of authority without being specifically alleged. This was the considered opinion of Mr. Justice Sanford, then a District Judge, speaking for the Sixth Circuit Court of Appeals, in *Buckeye Cotton Oil Co. v. Sloan,* 250 *F.* 712. See also *Minnich v. Darling,* 8 *Ind. App.* 539, 36 *N. E.* 173, 175.

Some of the cases apparently hold that where a corporation is sought to be held for the act of its agent or servant, it must be alleged, or it must appear, that the act complained of was within the scope of the employment. *Molt v. Public Indemnity Co.,* 161 *A.* 346, 10 *N. J. Misc.* 879; *Baker v. Atlantic Coast Line R. Co.,* *(Fla.)* 192 *So.* 606; *Williams v. Bedenbaugh,* 215 *Ala.* 200, 110 *So.* 286, 288.

In the amended declaration, as in the original declaration, it is averred directly that the defendant corporation, through its servant or agent, uttered the slander. The sufficiency of this allegation was not challenged by the original demurrer nor is it questioned by the present demurrer. Notwithstanding, it is urged that the declaration is deficient in that authority of the agent is not averred. This specific averment, we think, is not indispensable. If the defendant, through its agent, uttered the slander, it is a necessary inference of law that the agent was authorized, or that the act was ratified, for otherwise the slander would not be that of the defendant. See, *Childress v. Emory,* 8 *Wheat.* 642, 5 *L. Ed.* 705.

*Barger ·v. Hood,* 87 *W. Va.* 78, 104 *S. E.* 280, was an action for libel. It was urged that the declaration was demurrable for the reason that it was neither averred that the agent's act was authorized, nor that the act was subsequently ratified. But, it was held that it was not necessary to allege the method of proof to which the plaintiff will

resort to sustain his case; that, it having been averred that the corporation published the libel, the necessary inference and conclusion was that either some authorized agent of the corporation did it, or that the act, if not authorized, was subsequently ratified; and that at the trial proof of either prior authority, or subsequent ratification would suffice.

*Writesman v. Pettis Dry Goods Co.,* 82 *Ind. App.* 504, 146 *N. E.* 835, was an action for slander. The question presented by demurrer was with respect to the necessity of an allegation that the agent or servant, in uttering the slander, was acting within the scope of his employment. The averment was that the defendant company, by and through its agent, servant or employee, acting for and on behalf of the defendant, spoke the false and defamatory words. It was held that the defendant was directly charged with having committed the wrong; and that the averment made it a question of evidence as to whether the servant was acting within the scope of his employment at the time when the alleged statement was made.

The declaration avers in detail facts and circumstances from which ratification of the agent's act may, perhaps, be inferred. It properly is subject to the criticism that evidence is pleaded. A cause of action, however, is stated. The question before the Court is one of pleading. At the trial it will, of course, be the duty of the Court to pass upon the evidence, and to state the principles of law relating to slander by a corporation, and, if ratification be relied on, to point out the essentials of ratification by a corporation of an unauthorized act of its agent.

It remains to say that the allegation that the defendant did not re-employ the plaintiff was evidently not for the purpose of charging a duty on the defendant to re-employ him, but as a part of the circumstances relied on

to show ratification. Whether the allegation is material and proof of it admissible is more properly for the trial court to determine with all of the evidence before it.

The demurrer is overruled.