JAMES A. MacDONOUGH *v.* THE A. S. BECK SHOE CORPORATION.

(*November* 20, 1940.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*William Prickett* and *Joseph Handler* for plaintiff.

*Stewart Lynch* for defendant.

Superior Court for New Castle County, No. 97, November Term, 1938.

LAYTON, Chief Justice:

In the amended declaration filed in this cause the de-

fendant was described as being in the business of operating a chain of shoe stores "in various cities in the United States and on or about July 28, 1938, had substantial assets, having a net worth of approximately Three Million Dollars."

The defendant moved to strike from the declaration the averment above quoted. The plaintiff contended that the allegation was proper on the theory that in a case where punitive or exemplary damages are recoverable, evidence of the defendant's financial worth is admissible. On the authority of *Nailor v. Ponder*, 1 *Marv.* 408, 41 *A.* 88, which we thought ought not to be disregarded, the averment was stricken from the declaration, and in the course of our opinion reported in 2 *Terry* (41 *Del.*) 59, 15 *A.* 2d 436, we said that if the allegation descriptive of the net worth of the defendant were only for the purpose of introducing evidence of its position and influence in the community, the question would, at least, be arguable.

A re-argument was asked for the purpose of having determined whether the averment in question is proper in the circumstances presented.

The situation disclosed is this: the defendant corporation operates a chain of shoe stores in various cities; one of the stores is in Wilmington, but, with respect to it, the declaration affords no information whatever; yet the aggregate corporate wealth, of which the Wilmington store may form a small part only, is supposed to be an element that serves to make up the defendant's rank and influence in the city, and thereby to render the injury resulting from the slanderous words the greater on the theory that great influence is a necessary concomitant of great wealth.

We have been referred to no authority which holds that in an action for libel or slander the actual or reputed

wealth of a corporation defendant is admissible to show its rank and influence in the community.

An individual defendant's rank and influence is measured by his character, education, position and, to some extent perhaps, his wealth. It is arguable, at least, that the injurious effects of his defamatory utterances are seen, known and felt, and that his reputed wealth is, in some degree, evidential of the effect and extent of the injury resulting from the defamation. A corporation, on the other hand, is a theoretic entity speaking through individuals. It has no social rank and influence to be increased by its wealth or diminished by its poverty. *Randall v. Evening News Association*, 97 *Mich.* 136, 56 *N. W.* 361. These observations apply with even greater force to the instant case where the defendant corporation's local shoe store is a part only of its aggregate business and assets.

Logically, the defendant corporation's aggregate wealth is not indicative of its local rank and influence. We adhere to the opinion, heretofore expressed, that the averment with respect to the net worth of the defendant should be expunged from the declaration.