J. ALLEN WIENER, Plaintiff, v. ADOLPH MARKEL, JR., Defendant.

(*October* 25, 1952.)

LAYTON, J., sitting.

*Joseph H. Flanzer* and *Robert C. Barab*, Attorneys for Plaintiff.

*Clair J. Killoran* and *David Snellenburg, II*, Attorneys for Defendant.

Superior Court for New Castle County, No. 491, Civil Action, 1952.

LAYTON, J.:

This is an action for alienation of affections. The plaintiff, husband, alleges in substance that he and his wife were married and lived together happily until defendant wilfully and maliciously besought, persuaded and allured the said wife and alienated her affections from plaintiff whereby plaintiff was deprived of the love, affection, consortium and society of his wife to his great distress, humiliation and damage. The last paragraph avers that defendant is a man of great financial worth. To this complaint, defendant has filed a motion to dismiss or to strike and for more definite statement.

The motion to dismiss is predicated upon the argument that the complaint fails to state the times and places when and where the various alleged acts of persuasion and allurement occurred or to describe the nature of said acts.

Under the present Rules of the Superior Court, a complaint need afford little more than general notice of the claim asserted. *Pfeifer v. Johnson Motor Lines, Inc.*, 8 Terry 191, 89 A. 2d 154; *Costello v. Cording*, 8 Terry 412, 91 A. 2d 182. No case or text authority is cited for the proposition that a statement of claim is fatally defective for failure to set forth the time of the act complained of. On the other hand, an examination of the various official forms of complaints attached to the Rules re-

veals that in every case the date of the tort or breach of contract is included. As a general proposition, it seems to me that the complaint should allege the date when the wrong complained of was committed. But, where, as here, the alleged alienation of affections would necessarily consist of a series of isolated acts, usually clandestine in nature, the pleader should not be required to specify the dates with any particularity. A motion for a more definite statement will afford ample opportunity to obtain full information concerning the times and places when and where the alleged acts occurred. And our discovery practice will elicit from plaintiff a description of the nature of the alleged acts of allurement.

Accordingly, the motion to dismiss is denied but plaintiff will be required under Rule 12(e) to file a more definite statement setting forth as fully as possible the times and places when and where the acts complained of took place.

There remains for consideration the motion to strike paragraph 7 of the complaint which states that defendant is a man of great financial wealth. In Delaware, punitive or exemplary damages may be awarded in a proper case. *Rash v. Pratt*, 1 *W. W. Harr.* 18, 111 *A.* 225. And in jurisdictions where punitive damages may be recovered, evidence of defendant's financial worth is admissible, 16 *A. L. R.* 1316, annotation. *Ramsey v. Ramsey*, 4 *W. W. Harr.* 576, 156 *A.* 354. However, for unexplained reasons, this Court in *Naylor v. Ponder*, 1 *Marv.* 408, 41 *A.* 88, 89, a slander suit, charged the jury thus:

"If your vedict should be for the plaintiff, in estimating damages you may take into consideration the position, rank, and influence of the defendant in the community. But you must not take into consideration his pecuniary condition."

Subsequently, in *MacDonough v. A. S. Beck Shoe Corp.*, 2 *Terry* 59, 15 *A.* 2d 436, 438, another defamation of character action, the Court ruled out evidence of defendant's wealth stating:

"We do not feel at liberty to disregard the ruling of the latter case [*Naylor v. Ponder*] *as applicable to an action for defamation.*"[1]

It is very plain that the Court in the *Beck Shoe Corporation* case was limiting the holding of *Naylor v. Ponder* to actions sounding in defamation of character only, first, because it said so and, secondly, because it did not seek to disturb the already existing *Ramsey* decision. A conflict has thus developed among our own decisions with the result that in actions where punitive damages are claimed, evidence of a defendant's financial wealth is admissible in seduction cases but not in defamation cases.

■ Defendant seeks to turn this conflict to his advantage by arguing that no sound reason now remains why the rule of *Naylor v. Ponder* should not be extended to seduction cases. I am unable to agree.

First, in the *Ramsey* decision the Court said [4 *W. W. Harr.* 576, 156 *A.* 357]:

"Testimony has been admitted, as you know, showing the financial condition of the defendants, and their ability to respond in damages to the plaintiff.

"The defendants have requested the Court to instruct you that you are not to consider such evidence unless you find that the acts of the defendants were wilful and malicious.

"The Court is of the opinion that this prayer or request is a correct statement of the law on the subject, and you are, therefore, instructed that the evidence relative to the financial condition of the defendants should not be considered by you unless you find that their acts were wilful and malicious, and the defendants are liable for punitive damages. 13 *R. C. L.* 528."

---

[1] My emphasis.

Secondly, that decision was in no way affected by the *Beck Shoe Corporation* opinion which, as before observed, followed *Naylor v. Ponder* only so far as concerns defamation of character cases. The *Ramsey* decision controls here. The motion to strike is denied.