HATTIE ELIASON *vs.* LILLIE C. DRAPER.

1.   ACTION ON THE CASE—PLEADING—ALLEGATIONS OF TIME.

In an action on the case, the wrongs or injuries complained of may be charged to have been committed on a day certain and "on divers other days and times between that day and the day of the commencement of this suit."

2.   PLEADING—BILL OF PARTICULARS—JUDICIAL DISCRETION.

While a bill of particulars may be ordered when justice requires, the practice is largely confined to contracts, and in Delaware does not extend to actions of tort.

3.   HUSBAND AND WIFE—ALIENATION—PLEADING—BILL OF PARTICULARS.

In an action for alienating a husband's affections, by wrongs committed

on a day certain and on divers other days and times between that day and the commencement of the suit, defendant is not entitled to a bill of particulars.

*(October* 11, 1910.)

PENNEWILL, C. J., and BOYCE, J., sitting.

*Philip Q. Churchman* and *Philip L. Garrett* for plaintiff.

*Rodney and Rodney* for defendant.

Superior Court, New Castle County, September Term, 1910.

ACTION ON THE CASE (No. 9, January Term, 1910).

Motion that bill of particulars be filed.

(See same case on general demurrer to declaration *ante* 1, and on trial before a jury, 3 *Boyce*—).

The plaintiff, a *femme covert*, living separate from her husband, brought an action for enticing away her husband and the alienation of his affections from her. Counsel for the defendant after plaintiff had filed her declaration, and before filing pleas, made a motion for a bill of particulars. Upon hearing argument on the motion the court rendered the following opinion:

BOYCE, J. delivering the opinion of the court:

This is an action for enticing away plaintiff's husband and alienating from her his affections, etc. The plaintiff has declared in case. Her declaration is in the usual (common-law) form, and it contains fifteen counts. The several wrongs or injuries complained of are averred to have been committed on a day certain in each count as well as "on divers other days and times between that day and the day of the commencement of this suit," etc., which is permissible when the action is in case.

Counsel for the defendant has made a motion for a bill of particulars, and the court has heard argument on the motion. It was conceded, in the absence of statute or rule of court authorizing a bill of particulars in a case of this character, that the defendant was not, as a matter of right, entitled thereto, and that the granting or refusing the motion was a matter within the sound discretion of the court.

Our rule of court confines the right to a bill of particulars to

cases "when the declaration contains a count in *indebitatis* assumpsit, or debt on simple contract." But it was insisted that the court has the authority to, and as a matter of grace might and should order a bill of particulars whenever justice demands that there should be more specific allegations than are required by the rules of pleading. The power of the court to order a bill of particulars may be exercised whenever it appears that justice cannot be done at the trial without it. But while a bill of particulars may be ordered by the court when justice to a party seems to demand it, yet the practice of requiring a bill of particulars is largely confined to actions on contract. It may be ordered in a tort action. But the practice of ordering a bill of particulars in the latter class of actions has not prevailed in this state. If the pleading in such action has not been found to be sufficiently specific the remedy has been by demurrer, and under our common-law form of pleading it has been found to be adequate.

It has not been shown that the declaration in this case is less definite and certain in the details of time, place and circumstances of the wrongs and injuries complained of in the several counts than is required by the rules of pleading in cases of this character.

We do not think that the case at bar under our rules of pleading calls for such additional or greater particularity as to demand a departure from the well-settled rules of procedure in this state. We are, therefore, constrained to deny the motion, and it is dismissed.