STATE vs. CHARLES B. McCOLLOM.

EMBEZZLEMENT—INDICTMENT AND INFORMATION—BILL OF PARTICULARS.

Indictment against clerk of labor brotherhood for embezzlement of moneys in his custody as clerk, it appearing on argument on motion for bill of particulars that there were about 3,000 members from whom clerk collected dues or fees, of which he embezzled part, *held* sufficiently to inform clerk of nature and cause of accusation without specifying dates on which money was embezzled, amount, etc., so that motion for bill of particulars will be denied.

(*December* 11, 1918.)

BOYCE and RICE, J. J., sitting.

*David J. Reinhardt*, Attorney-General, and *P. Warren Green*, Deputy Attorney-General, for the State.

*Harry P. Joslyn* for the defendant.

Court of General Sessions, New Castle County, November Term, 1918.

INDICTMENT, No. 81, November Term, 1918.

Charles B. McCollom was indicted for embezzlement, and he moves for bill of particulars. Motion denied.

The first count in the indictment charges that Charles B. McCollom, late of, etc., in, etc., on, etc., with, etc., at, etc., then and there being a clerk to International Brotherhood of Boiler Makers, Iron Ship Builders and Helpers of America did, by virtue of his said employment as clerk, then and there, and whilst he was so employed as clerk, as aforesaid, receive certain money, goods and chattels, to wit, two hundred and twenty-four dollars

lawful money of the United States of America, then and there belonging to the said International Brotherhood of Boiler Makers, Iron Ship Builders and Helpers of America for and in the name and on the account of the said International Brotherhood of Boiler Makers, Iron Ship Builders and Helpers of America and which was then and there in his custody as the clerk to the said International Brotherhood of Boiler Makers, Iron Ship Builders and Helpers of America and the said money, goods and chattels then and there unlawfully did embezzle; against, etc.

The second count is like the first, except in it the averment is that the accused as servant did embezzle.

Mr. Joslyn for the defendant preferred a written motion to the court for an order on the Attorney General to file a bill of particulars showing the acts relied upon, and particularly, in substance, how and in what manner the alleged embezzlement was committed; the days and dates on which the said sum of money was embezzled; and the amounts and manner in which the said sum was embezzled; and that the acts relied upon be set forth accurately and specifically.

The Deputy Attorney General objected to the motion because it does not appear that the petitioner is ignorant of the facts for which he seeks a bill of particulars. *State v. McDaniel et al.*, 4 *Pennewill* 96, 54 *Atl.* 1056; 3 *Whart. Crim. Pro.* § 1638; 3 *Ency. Pl. & Prac.* 529; *Article* 1, § 7, *Const. of Del.*; *Joyce on Indict.* 310 (*note*).

It appeared in the argument that there were about three thousand members from whom the accused collected dues or fees and the claim was that he embezzled a part of these dues.

RICE, J., delivering the opinion of the court:

A similar application based upon similar grounds was made in the case of *State v. McDaniel*, 4 *Pennewill*, 96, 104, 107, 54 *Atl.* 1056; but the court declined to make an order for a bill of particulars. It is the opinion of the court that the indictment sufficiently informs the accused of the nature and cause of the accusation against him.

The motion is denied.