JESSIE OPPENHEIM vs. STERLING TIRE CORPORATION.

1. PLEADING—FILING OF BILL OF PARTICULARS DISCRETIONARY WITH COURT.

    The filing of bill of particulars is, in discretion of court, to be exercised as necessities of particular case may require.

2. PLEADING—MOTION FOR BILL OF PARTICULARS, IN DECLARATION FOR SERVICES RENDERED BY ATTORNEY IN SINGLE SPECIAL COUNT, DENIED.

    In declaration for services rendered by attorney containing but single special count, based on an agreement, defendant's motion for bill of particulars, requiring specification whether agreement was written or oral, and if written a copy thereof, will be denied, where declaration was not less definite than required by rules of pleading in cases of such character.

*(November 26, 1924.)*

RICHARDS and RODNEY, J. J., sitting.

*H. H. Ward, Sr.* (of Ward, Gray and Neary) for plaintiff. *Robert H. Richards* for defendant.

Superior Court for New Castle County, September Term, 1924.

No. 105, January Term, 1924.

The declaration contains but a single special count. It sets out that income and profits taxes had been assessed against the defendant company for the years 1917 and 1918 aggregating $110,956.17; that on or about June 25, 1920, it was agreed between the defendant and one Marc Eisner, an attorney at law, that the said Eisner should bestow work and labor and his professional services in securing a reduction of these taxes and should receive as his fees and commissions at the rate of twenty per centum of the amount of the reduction obtained. The declaration

sets out that by means of the work, labor and services the taxes were reduced to the sum of $28,858.17, whereby a saving and reduction of $82,098.00 was effected and that Eisner became entitled to twenty per centum of such sum or $16,419.60, and that $500.00 of this sum had been paid on account to Eisner, leaving $15,919.60 due and unpaid. The declaration then alleges the assignment of said claim to one Lillian K. Tully on October 16, 1922, and its further assignment on November 27, 1923, to the plaintiff.

Counsel for the defendant has filed a motion for a bill of particulars which should specify whether the agreement referred to in the declaration was a written or oral agreement and, if in writing, setting forth a copy thereof and also specifying particularly the character of, time and place of performance of the work, labor and service performed by the said Marc Eisner. This motion is accompanied by the affidavit of the defendant's counsel alleging that the defendant cannot safely join issue and go to trial without the desired particulars for several reasons which may generally be summarized as follows:

(1)  Because the office records and employees of the defendant are located in the City of New York and without the designated particulars the defendant could not know what records or witnesses might be required at the trial.

(2)  Because the defendant does not know the nature of the contract, whether written or oral, which plaintiff claims is the basis of the cause of action.

(3)  Because the defendant has no knowledge of any work, labor or services performed by the plaintiff's assignee nor when such services are supposed to have been performed.

RODNEY, J., delivering the opinion of the Court:

[1, 2]  We are not greatly impressed by the suggestion that the fact that the office and employees of the defendant company are located in New York makes it impossible to know what records or testimony may be necessary at the trial or inconvenient to obtain the same. We prefer to decide the case upon principle. If a resident defendant under similar circumstances would not be

granted a bill of particulars, we are not inclined to so indulge a corporation of this state which chooses to keep its records and employees without the state.

The interesting and instructive brief of the defendant assumes that bills of particulars had their origin in the common law and that *Rule* 26 of the Superior Court only modifies the common law to the extent that it is unnecessary to file a motion for a bill of particulars as to counts in a declaration in indebitatus assumpsit or debt on simple contract. There may be some doubt as to this origin of the requirement as to the particulars of a pleading. Certainly no case has been cited by counsel nor found by the Court, indicative of the fact that bills of particulars had their origin in that ancient common law which our ancestors brought with them to America, which was preserved by our first Constitution and which forms our own common law. *Baron Wood in Atty. Gen. v. Lambirth*, 5 *Price* 384, 146 *Eng. Reprint*, 641 (decided in 1818), in speaking of the practice of compelling the plaintiff to give to the defendant a bill of particulars of his demand, says:

"It is a practice founded on convenience, and I well remember the beginning of it."

Our own Court in 1855, in *Stephens v. Green Hill Cemetery Co.*, 1 *Houst.* 26, makes the somewhat enigmatical statement:

"Bills of particulars are somewhat new in our practice, and arise under the *Revised Code.*"

It is probable that the Court intended to state that they arose under the Rules of Court since the first rule regulating or mentioning bills of particulars in any way appeared in the Rules promulgated in 1853, and the Revised Code contained no reference to bills of particulars.

Bills of particulars seem to have had their origin in the use of common counts in debt or assumpsit. From these causes of action the use of bills of particulars has been greatly extended and in most jurisdictions applies now to special counts as well as the common counts.

In Delaware we find no instance where particulars have been granted to a special count. *Woolley's Delaware Practice*, § 407,

plainly indicates that particulars are only applicable to common counts when in discussing the restriction of evidence to the particulars he says:

"But of course if the declaration contains a special count in addition to the common counts the plaintiff is entitled under that count to give any evidence he could have given under it regardless of the demand for particulars."

In *Section* 408, Judge Woolley says:

"If the narr contain both special and common counts, unaccompanied by a bill of particulars, the defendant should plead to the special counts and decline to plead to the common counts."

In 2 *Leigh's Nisi Prius*, *p*. 1301, it is said:

"A particular of demand is only necessary to explain a common count; the defendant therefore is not entitled to particulars on a count for a bill of exchange or on a special count. And if any such count be contained in the same declaration with a common count, the delivery of particulars on the latter only will not preclude the plaintiff from recovering on the former."

In *Day v. Davies*, 5 *C. & P.* 340, 24 *E. C. L.* 350, Chief Justice Tindall was of the opinion that bills of particulars only applied to common counts and not to a special count. To the same effect was *Stannard v. Ullittiome*, 3 *Bing. N. C.* 326, 32 *E. C. L.* 141.

The true rule as I apprehend it to be is that the filing of a bill of particulars by either the plaintiff or defendant is a matter in the discretion of the Court to be exercised in any case as the necessities of the particular case may require. In *Eliason v. Draper*, 2 *Boyce* 64, 66, 77 Atl. 769, the Court said:

"The power of the court to order a bill of particulars, may be exercised whenever it appears that justice cannot be done at the trial without it."

Cases arising in other jurisdictions are instructive and helpful only when read in connection with a knowledge of the system of pleading and practice prevailing in such jurisdictions. Here the common-law system of pleading remains in an almost unaltered form. Here, I apprehend, it has never been considered necessary in a declaration on a contract to allege whether or not the contract was in writing. At common law the only species of contracts necessarily alleged to have been in writing were those contracts to the validity of which a deed was essential—which must have been under seal. *Gould's Pleading* (5th *Ed.*) *p*. 176.

Even in those cases arising under the Statute of Frauds, where the agreement must be proven to have been in writing, it has never been necessary to allege in the declaration that the contract was in writing. *Cannon v. Windsor, 1 Houst.* 143 at 147. Of course, if the plaintiff failed to prove on the trial that the contract was in writing, he could not recover upon it.

While the power to grant particulars has been recognized in this State, the actual grant of particulars has been confined to actions on contracts and largely to the common counts. Bills of particulars have been refused in actions for alienation of affections. *Eliason v. Draper, supra;* in divorce, *Addicks v. Addicks,* 1 *Marv.* 338, 41 Atl. 78; and 'in criminal cases, *State v. McDaniel,* 4 *Penn.* 107, 54 Atl. 1056; *State v. McCollom,* 7 *Boyce* 277, 105 Atl. 789.

Certainly the granting of a motion for a bill of particulars under which a plaintiff would be compelled to set out whether a contract sued upon was in writing or oral, would be tantamount to · changing the rule of pleading just referred to and which has always been observed in this State. A bill of particulars alleging an oral contract could logically be followed by a further request for particulars as to the place and parties to said contract such as can be obtained in other jurisdictions, notably in New York.

In most of those jurisdictions which grant to the defendant an almost unlimited right to a bill of particulars the same rights are accorded the plaintiff, and it has been said the same principles apply no matter which party makes the application. *Spitz v. Heinze,* 77 *App. Div.* 317, 79 *N. Y. S.* 187.

In Delaware we know of no instance of particulars of defense having been demanded save those required under a plea of set off under present *Rule 32,* of the Superior Court. *Deringer's Adm'r v. Deringer's Adm'r,* 5 *Houst.* 520.

The necessity of filing particulars of defense would radically and completely change our entire system of pleading and practice with the sanction of neither statute nor rule of Court.

We are not unmindful of the unreported case of *Cuthbertson v. Cuban Telephone Co.,* decided by Judge Bradford in the District

Court of the United States for the District of Delaware. The case bears marked similarity to the case at bar, and in the cited case a bill of particulars was required as to the time and nature of the service performed under a contract, the recovery being sought under a special count in the declaration. This case is in no respect binding on this Court, but such is our admiration and respect for the distinguished jurist rendering the opinion that it would be largely persuasive if any reasons had been assigned for the conclusion therein reached. None were assigned, it being a mere formal, memorandum opinion. With this opinion we do not agree.

In *Eliason v. Draper, supra*, the Court said:

"It has not been shown that the declaration in this case is less definite and certain * * * than is required by the rules of pleading in cases of this character. We do not think that the case at bar under our rules of pleading calls for such additional or greater particularity as to demand a departure from the well-settled rules of procedure in this state."

This we believe succinctly and correctly states our view as to the present declaration. The motion for a bill of particulars is, therefore, denied.