ISAAC L. YERKEY v. CROSBY C. WRIGHT.

(*March* 10, 1944.)

RODNEY and SPEAKMAN, J. J., sitting.

*George W. Lilly* for plaintiff.

*W. Thomas Knowles* for defendant.

Superior Court for New Castle County, ▇ No. 104, January Term, 1944.

RODNEY, J., delivering the opinion of the Court:

In Delaware the granting of a Bill of Particulars, except in actions of assumpsit, is not subject to that latitude of application prevailing in many states. This is especially true as to actions sounding in tort. A Bill of Particulars has been specifically refused in an action of slander, *MacDonough v. Beck Shoe Corp., 2 Terry* (41 *Del.*) 59, 15 A. 2d 436.

The power exists in the court to order a Bill of Particulars in any case, but such power is usually exercised only when it appears that justice cannot be done at the trial without it. *Eliason v. Draper, 2 Boyce* (25 *Del.*) 64, 66, 77 A. 769; *Oppenheim v. Sterling Tire Corporation, 2 W. W. Harr.* (32 *Del.*) 535, 126 A. 728.

Turning directly to the request for particulars in this case we find they are sought for the "days, dates, times, places and persons involved in the alleged publication of the libel," etc. With reference to the "days, dates, times and places" we find in the declaration a specific allegation of the publication on October 15, 1943, at New Castle County. We think this gives to the defendant all the information as to those particulars which he is entitled to have.

We now come to the chief contention of the defendant, viz., that he is entitled to the name or names of the persons to whom the alleged libel was published. We readily concede that in many cases the names of witnesses by whom the publication of the libel is to be proved are granted by Bills of Particulars. Many of these cases are collected in *Ann. Cas.* 1915C, 1266. It will be our duty to consider some of these cases and the reasoning on which they are based.

One of the objects to be attained by a Bill of Particulars is the prevention of surprise at the trial. Within limitations this object is one to be enforced by the courts. It has never been a proper object of a Bill of Particulars to compel a plaintiff to disclose the names of the witnesses by whom it is proposed to prove a case, nor the evidence to be

adduced. This is recognized even in those jurisdictions in which Bills of Particulars have been ordered. So in *Dempewolf v. Hills,* 53 *N. Y. Super. Ct.* 105, 11 *Civ. Proc. R.* 14, the court held that it was not the province of a Bill of Particulars to compel the naming of all witnesses, but the court did require the naming of one person. See also *Turner v. Beavan,* 23 *Abb. N. C.* 432, 10 *N. Y. S.* 128, and *Pring v. Thorp,* 168 *App. Div.* 887, 152 *N. Y. S.* 469.

■ The requirement of the furnishing of the name of one witness to the publication of a libel or slander seems not to have been adopted for the purpose of the limitation of evidence to that witness, but rather of the identification of the act relied on or the specification of the time or place of publication. So in *Mason v. Clark,* 75 *App. Div.* 460, 78 *N. Y. S.* 327, and in *Romeas v. Boettger, Sup.,* 120 *N. Y. S.* 754, 755, the Court said:

"There should be inserted [in the order for Bill of Particulars] that it should not be construed to prevent the plaintiff from proving his cause of action if it should appear that others than those specified in the Bill of Particulars were present at the time the words complained of were spoken."

■ The gravamen of libel is not that the defamatory words were made known to any particular individual, but that publicity had been maliciously given by the defendant to a false charge against the plaintiff.

■■ The nature of requisite publication differs between proceedings in prosecution for criminal libel and in civil actions for damages. In criminal prosecution there seems to be no requirement that publication be made to a third person. In civil actions it seems to be the almost universal law that publication must be made to some third person—some one other than the plaintiff himself. The present declaration merely says that the defendant "published" the libel. The plaintiff, in resisting the defendant's application

for a Bill of Particulars, insists that the word "published" connotes a making known of the alleged libel to some third party, and a number of cases sustain that view. It is quite possible that such holding must depend upon the pertinent facts. A publication in a newspaper or other medium for general circulation may not be subject to the same rule that would apply to a personal communication specifically and solely directed, as here, to the plaintiff himself. There may in the latter be no strengthening inferences of examination by or publication to other persons. It would be improper for us to determine this matter in this proceeding. This is not a demurrer to the declaration, and the request for a Bill of Particulars may not be treated as such. If in a civil case it be necessary, in order to constitute an actionable libel, that disclosure of the libelous matter be both alleged in the declaration and proved to have been made to some third party, and if no such allegation should have been made in the declaration, then the granting of particulars of the name to whom publication was made would have the effect of making good a bad declaration, and such is never the purpose of a Bill of Particulars.

Attention should be drawn to the fact that in many of the cases granting a Bill of Particulars as to the names of persons to whom publication of the libel was made, there was included a claim by the plaintiff for special damages. We would not be understood as passing upon any question of special damages, whether by pleading or otherwise, since in this case no special damages are asked.

See *Husted v. A. P. Husted Co.*, 193 *App. Div.* 493, 184 *N. Y. S.* 844. See also *Wood v. Jones*, 1 *F & F* 301, 175 *Eng. Rep.* 737, where particulars were denied as to names of persons concerning the publication, but were required as to matters dealing with damages.

■■ In a jurisdiction adhering to the system of common-law pleading, a declaration in tort which has by

proper steps been required to include all necessary and proper averments would seem to give to the defendant all the information to which he may be entitled. We therefore refuse the motion for a Bill of Particulars. *Penry v. Dozier,* 161 *Ala.* 292, 49 *So.* 909; *Warner v. Lockerby,* 28 *Minn.* 28, 8 *N. W.* 879.