ARTHUR B. SHARP V. RICHARD C. HAYES.

ARTHUR B. SHARP V. THOMAS H. HAYES.

(*December* 5, 1946.)

SPEAKMAN, J., sitting.

*James R. Morford* and *William Marvel* (of Marvel and Morford) for plaintiff.

*Daniel J. Layton* and *Caleb R. Layton* (of Layton and Layton) for defendants.

Superior Court for New Castle County, Nos. 229 and 230, May Term, 1946.

SPEAKMAN, Judge:

In this State there is no statute or rule of court providing for bills of particulars in tort actions, but notwithstanding this, it is within the discretionary power of the court to order a bill of particulars in such actions. The power may be exercised whenever it appears that justice cannot be done at the trial without it. *Eliason v. Draper,* 2 *Boyce* (25 *Del.*) 64, 77 *A.* 769; *Yerkey v. Wright,* 3 *Terry* (42 *Del.*) 474, 36 *A.* 2d 366.

*Eliason v. Draper* was an action for enticing away plaintiff's husband and alienating from her his affections. There the action was in case. The several wrongs and injuries complained of were averred to have been committed "on a day certain in each count, as well as 'on divers other days and times between that day and the day of the commencement of this suit,' etc.," which the court said was permissible when the action is in case. In the case, the court denied a motion for a bill of particulars, and said:

"But while a bill of particulars may be ordered by the court when justice to a party seems to demand it, yet the practice of requiring a bill of particulars is largely confined to actions on contract. It may be ordered in a tort action. But the practice of ordering a bill of particulars in the latter class of actions has not prevailed in this state. If the pleading in such action has not been found to be sufficiently specific the remedy has been by demurrer, and under our common-law form of pleading it has been found to be adequate," and in *Yerkey v. Wright* [42 *Del.* 474, 36 *A.* 2d 367] the defendant moved for a bill of particulars of the "days, dates, times, places and persons involved in the alleged pub-

lication of the libel." In this case the court recognized its discretionary power to order bills of particulars, but said

"In a jurisdiction adhering to the system of common-law pleading, a declaration in tort which has by proper steps been required to include all necessary and proper averments would seem to give to the defendant all the information to which he may be entitled."

In *Oppenheim v. Sterling Tire Corp.,* 2 *W. W. Harr.* (32 *Del.*) 535, 126 *A.* 728, 730, which was an action on contract, it was said:

"While the power to grant particulars has been recognized in this State, the actual grant of particulars has been confined to actions on contracts and largely to the common counts. Bills of particulars have been refused in actions for alienation of affections, * * * in divorce, * * * and in criminal cases."

In *MacDonough v. A. S. Beck Shoe Corporation,* 2 *Terry.* (41 *Del.*) 59, 15 *A.* 2d 436, which was an action in case for slander, the defendant moved for a bill of particulars with respect to the several allegations contained in the declaration. The court referred to the language quoted above from *Oppenheim vs Sterling Tire Corp.,* and said the authority of the Oppenheim case ought not to be disregarded.

For the purpose of illustrating the general rule that the ordering of bills of particulars in actions of tort rests in the sound discretion of the court, the defendant cites several authorities from other jurisdictions, and says that the rule recognized by these authorities is recognized in this State, but that our courts do no more than pay lip service. On the question of the discretionary power to order bills of particulars in tort actions, we need not look beyond the decisions in our own State.

It will be assumed, for the purpose of the motion for a bill of particulars to the first and sixth counts that they are immune from attack by either general or special demurrer, and the rule as stated by this court, in other cases, will be applied. The rule is that there is a discretionary power in the court to grant a motion for a bill of particulars, if it appears to the court that justice cannot be done without it. The argument of the defendant is, that the motion should be granted for the purpose of enabling him to prepare his defense, so as to prevent surprise at the trial.

The gist of the action in case for the alienation of the affections of a wife is the loss of consortium, by the husband without justification. The illicit relations, undue and improper attentions and other acts and wiles are the means by which the defendant accomplished and brought about the loss. The action belongs to that class of cases in which a continuando may be laid and proof may be given of the wrongful acts in issue as committed on any day within the time covered by the complaint. 5 *En. P. & P.* 618. The general rule permitting the use of a continuando, as stated in 1 *Chitty Pl.*, 5 *Am. Ed.* 345, is that where the injury was capable of being committed on several days, as in trespass to land, it may be described as having been committed on such a day, and on divers other days and times between that day and the exhibiting of the plaintiff's bill or the commencement of the action. In the instant case, the plaintiff, in his declaration, has resorted to the use of a continuando in the two counts under consideration. In the first count the following phrase is used in the continuando:— "both before and after the commencement of this suit." No question has been raised regarding the use of this phrase, therefore it will not be further noticed.

The motion of the defendant was that the plaintiff be required to file a bill of particulars charging with particu-

larity the times and places of the alleged adulteries complained of in the two counts.

Adultery is usually clandestine and frequently it can only be shown by circumstantial evidence. It also happens, at times, that admissions by a defendant of acts of adultery by him can be shown, where the admissions do not go so far as to disclose the precise times and places of the acts. For these reasons, I think that a reasonable range of latitude should be allowed in the introduction of evidence. I fully appreciate the argument of the defendant that an innocent person, if aware of the times and places of the misconduct with which he is charged, might be able at the time of the trial of the cause to have witnesses present who could explain away what otherwise might seem to have been suspicious circumstances. Whether the defendant is, or is not, guilty of the adulteries, as charged in the first and sixth counts, is a fact within the personal knowledge of the defendant and of the plaintiff's wife, who, I assume, will be available as a witness at the trial. The testimony of other persons who the defendant might desire to testify, if given a reasonable opportunity to procure their attendance at the trial, would be, in all probability, only in corroboration of the testimony of the defendant and the plaintiff's wife. Other than the facts which are within the personal knowledge of the defendant and the plaintiff's wife, relative to the defendant's alleged misconduct, I must assume, for the purposes of this motion, that the means of ascertaining the true state of the facts, concerning the alleged misconduct of the defendant, are as readily accessible to the defendant as to the plaintiff.

The motion for a bill of particulars will be denied. This conclusion, in my judgment, will best serve the purpose of effectuating justice between the parties, without imposing any undue hardship upon either of them.

Having arrived at the conclusion that the motion for a bill of particulars should not be granted, I must now direct my attention to the demurrer to the fifth count. The defendant contends that the charge that the defendant "did wrongfully and maliciously alienate and wean away from the plaintiff the affections of his wife" amounts to a conclusion, and that no facts have been pleaded which would support such a conclusion. The plaintiff, on the other hand, contends that "alienating" and "weaning away" are facts in themselves. With the plaintiff's contention, I cannot agree. The words are inferences which can only arise from proven facts. To establish these inferences at the trial the necessary facts must be alleged in the pleading. This the plaintiff has failed to do. The demurrer to the fifth count will be sustained.

An appropriate order will be entered in accordance with this opinion.