JOHN M. FRIDAY, Plaintiff Below, v. MARY B. SMOOT, Defendant Below.

(*June* 2, 1965)

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Arthur J. Sullivan*, of Morris, James, Hitchens & Williams, for plaintiff.

*Warren B. Burt*, of Prickett & Prickett, for defendant.

Supreme Court of the State of Delaware. No. 105, 1964.

WOLCOTT, Chief Justice.

This is a proceeding on Certification under Rule 20 of this Court, *Del. C.* Ann. The facts giving rise to the Certification are that plaintiff, a resident of Delaware, received personal injuries in an accident occurring in New Jersey involving the automobile of the defendant, a Delaware resident, in which the plaintiff was riding at the

time as a non-paying guest. Action was brought in Delaware in which the defendant asserted the defense of 21 *Del. C.* Sec. 6101, the Delaware Guest Statute, permitting recovery by a guest from his host only for willful or wanton misconduct. It appears that New Jersey, the place of the tort, has no comparable Guest Statute.

We accepted the Certification for the reason that it appears that there are pending in the Superior Court several cases involving the questions thus raised, and that there is a conflict, or possible conflict, between reported decisions in this State and several unreported recent decisions of the Superior Court.

The questions of law certified are:

1. Are the provisions of the Delaware Guest Statute, 21 *Del. C.* Sec. 6101, to be given extra territorial effect and application?

2. Do the provisions of the Delaware Guest Statute, 21 *Del. C.* Sec. 6101, apply to bar the right of recovery of a citizen and resident of Delaware, who sues to recover for personal injuries resulting from negligence of a defendant Delaware citizen and resident, where the alleged acts of negligence take place in New Jersey and such acts are based on alleged violations of the laws of New Jersey?

■ The two certified questions are in reality the same and will be treated as such. The basic question before us is whether, in Delaware, the substantive law governing a tort is the *lex loci delicti,* or the *lex fori.* The parties are agreed, and we concur, that whether or not a Guest Statute applies in a negligence action is a matter of substantive law.

■ Traditionally, the proper rule of conflicts as to choice of law applicable to torts occurring in jurisdictions other than the one in which suit is brought is the law of the place where the plaintiff's alleged right to be free from the act or event complained of is alleged to have been violated by a wrongful act or omission. In other words, the *lex loci delicti* is applicable in matters of substance. Restatement of

Conflict of Laws, Sec. 378; 2 Beale, The Conflict of Laws, Sec. 378.2

■ Delaware has long followed tradition in holding that the substantive rights of parties in a tort action are governed by the law of the place where the tort arose, while procedure is governed by the law of the place where the action is brought. Thus, in *Skillman v. Conner,* 8 W. W. Harr. 402, 193 A. 563, the Superior Court held that in an action in Delaware seeking damages as a result of a tort occurring in Maryland, the Delaware Guest Statute being a matter of substantive law had no application, and that the Delaware Guest Statute did not establish a Delaware public policy denying an action based on mere negligence brought by a non-paying guest against his host driver when the negligence of the driver was committed in another state.

In *Gorman v. Murphy Diesel Co.,* 3 Terry 149, 29 A. 2d 145, the Superior Court held that ordinarily the law of the state in which an injury sustained by reason of negligence occurs will be applied, but in the absence of proof of what that law is it will be presumed that it is the same as the law of the forum. And, again, in *Price v. Crowl,* Del. Super., 175 A. 2d 50, the same court applied the law of Pennsylvania to a personal injury case in which the alleged negligence took place in that state.

In *Pack v. Beech Aircraft,* 11 Terry 413, 132 A. 2d 54, 67 A.L.R. 2d 207, this Court, in an action brought in Delaware founded upon the New Jersey Wrongful Death Statute, held that the time limitation in the New Jersey statute was a limitation of the liability created by it. We further held that since the place of bodily injury determined the place of wrong, i. e., in that case—New Jersey, the law of New Jersey governed the right of action for death. And, in *Clayton v. Bartoszewski,* Del., 198 A. 2d 692, we held that in an action for personal injuries resulting from negligence taking place in Virginia the law of that state was to be applied to determine the standard of care required of the defendant, and the question of contributory negligence and assumption of risk by the plaintiff.

■ We think it thus apparent that Delaware has long been

committed to the established rule that the law of the place in which a tort takes place governs the substantive rights of the parties in an action based upon the tort brought in Delaware.

The point would thus seem to be settled in this State. However, in an unreported decision from the Bench, the Superior Court held in December, 1964, that the Delaware Guest Statute applied in a Delaware action for injuries resulting from a tort taking place in West Virginia instituted by a Delaware resident against other Delaware residents. This decision is the one which led to the Certification now before us.

We are asked to overturn the established rule of conflicts long in force in this State, and to adopt a new rule which has gained fashion in roughly the last ten years among some courts, and notably among the textwriters and contributors to the Law Reviews. The new rule is exemplified by such cases as *Babcock v. Jackson,* 12 N. Y. 2d 473, 240 N. Y. S. 2d 743, 191 N. E. 2d 279, 95 A. L. R. 2d 1; *Griffith v. United Air Lines,* 416 Pa. 1, 3, 203 A. 2d 796, and *Wilcox v. Wilcox* (Sup. Ct. Wis.) 26 Wis. 2d 617, 133 N. W. 2d 408; see, also, Annotation, 95 A. L. R. 2d 48, by the tentative draft of Restatement 2d, Conflict of Laws, Sec. 379; the 1964 edition of *Goodrich & Scoles,* Conflict of Laws, Sec. 92; and by Law Review articles such as 63 Columbia L. R. 1212.

We think the new rule is probably best set forth in Sec. 379 of the tentative Restatement Draft No. 8. It is there stated as follows:

"(1)   The local law of the state which has the most significant relationship with the occurrence and with the parties determines their rights and liabilities in tort.

"(2)   Important contacts that the forum will consider in determining the state of most significant relationship include: (a) the place where the injury occurred, (b) the place where the conduct occurred, (c) the domicile, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

"(3)   In determining the relative importance of the contacts, the forum will consider the issues, the character of the tort and the relevant purposes of the tort rules involved."

The new test requires a court to determine which state has the more significant relationship with the tort and the parties, and to apply the substantive law of that state. In making this decision the important contacts to determine the question are the place of injury, the place of negligence, the domicile of the parties, and the place where the relationship of the parties is centered. The result is to substitute for a rule which was easy of application one where all manner of gradations of important contacts may be present.

In the case at bar it would be easy, perhaps, to apply the significant relationship rule since both parties are residents of Delaware; the invitation to the plaintiff was issued in Delaware; the trip originated in Delaware; the automobile was registered in Delaware, and the trip into New Jersey was to be a short and temporary one. We assume that the rule of Babcock would require the application of Delaware law.

Momentary reflection, however, will call to mind many variations of these facts, each of which would make more difficult the determination of the state which has the more significant relationship. For example, let us suppose that the parties were Delaware residents but that the defendant had met the plaintiff in Pennsylvania and there issued the invitation to go to New Jersey where the accident took place. Which state has the more significant relationship?

Or, for example, suppose defendant, a Delaware resident, by telephone invites plaintiff, a New Jersey resident; crosses the Delaware River, picks up the plaintiff in New Jersey and the accident takes place. Which state has the more significant relationship? Presumably, if it is Delaware, its law would be applied in a suit in New Jersey under its Non-Resident Motor Vehicle Law.

To make confusion worse, suppose in the case at bar a second passenger had been present and injured, and that that passenger was a

resident of Maryland and had been picked up in Maryland. Would there then have been two states with more significant relationship with the law of each state made applicable to its resident whose invitation had been issued and accepted in the state of his residence?

Finally, suppose the accident involving this plaintiff and defendant, residents of Delaware, had occurred in a western state which does not have a Guest Statute, and which, in the field of conflicts, applies the *lex loci delicti*. Can there be any doubt but that the adoption by us of the rule of more significant relationship would lead the plaintiff to forum shop and bring suit in the western state? In effect, we would drive two Delaware residents to a foreign jurisdiction to settle their differences.

It may well be that the rule of *lex loci delicti* in some instances may appear arbitrary and unfair, but at the same time it has one positive asset. It is certain. The same cannot be said of the rule of more significant relationship for, as the majority opinion in *Griffith v. United Air Lines, Inc.* states, it is "the beginning * * * of a workable, fair and flexible approach to choice of law which will become more certain as it is tested and further refined when applied to specific cases before our courts."

We think we may not depart by judicial fiat from a rule settled in this state to adopt a "flexible approach" which must be made certain by future litigation. Such a departure, we think, might well result in judicial encouragement to litigation in a sphere not now open to litigants. We suppose this is not the function of a court in the face of an established rule of law which would discourage such a result. We think the adoption of the more significant relationship theory would be a major change with respect to the rights of litigants. As such, therefore, it falls within the peculiar province of the General Assembly. It is the law-making body of this State—not the courts.

Question No. 1 is answered in the negative.

Question No. 2 is answered in the negative.