GEORGE R. and DOROTHY P. STERLING, Plaintiffs-Appellants, v. JAMES G. CARR and LUSBY G. McCOY, JR., Defendants-Appellees. JOSEPH R. BIDEN and JEAN F. BIDEN, Plaintiffs-Appellants, v. JAMES G. CARR and LUSBY G. McCOY, JR., Defendants-Appellees. VINCENT W. VANDENBRAAK and JEAN VANDENBRAAK, Plaintiffs, v. JAMES G. CARR and LUSBY G. McCOY, JR., Defendants-Appellees.

(*September* 20, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN JJ., sitting.

*David B. Coxe, Jr.,* and *Carl Schnee,* for Appellents Biden.

*Richard J. Baker,* for appellants Sterling.

*Nathan P. Michlin,* for appellants Vanderbraak.

*E. N. Carpenter, II,* and *Charles F. Richards,* of Richards, Layton & Finger, for appellees.

Supreme Court of the State of Delaware.

*(November* 15, 1965)

WOLCOTT, Chief Justice.

This is an appeal from an order of the Superior Court granting summary judgments to the defendants by applying the Delaware Guest Statute in an action for personal injuries arising out of an accident occurring in West Virigina. The defendants, appellees here, concede that the merits of the appeal are controlled by this Court's recent decision in *Firday v. Smoot,* 211 A.2d 594, holding the Delaware Guest Statute inapplicable to actions for personal injuries suffered outside of Delaware. Ordinarily, therefore, we would reverse these summary judgments for defendants.

Defendants, however, have moved to dismiss the appeal under Rule 27(2),*Del.C.* Ann., which provides in part that if a party fails "to take any step in the cause at the time required" the Court may enter a default decree or give such other relief as may seem just. Obviously, if the motion to dismiss is granted, the erroneously entered judgments below will stand.

The basis of the motion to dismiss is that the appeal was docketed

on February 12, 1965 and the Notice of Appeal served on the Prothonotary on February 16,1965, but the record of the cause was not filed with the Clerk of this Court within ten days of service on the Prothonotary as required by Rule 7(2). The Prothonotary actually filed the record with the Clerk of this Court on April 9, 1965, having received a 20-day extension for that purpose by reason of the failure of certain of the plaintiffs to pay the costs in the Superior Court as required by Rule 3(e) of that Court, which also directs the Prothonotary not to perform further service until the costs are paid. It is argued that this delay, caused by the plaintiffs' refusal to pay costs, had the effect of preventing the defendants from presenting their case prior to this Court's decision in *Friday v. Smoot,* handed down on June 2, 1965.

*Friday v. Smoot* came on for argument on April 14, 1965. If no delay in the filing of the record in this appeal had taken place, the following schedule would have resulted as required by the Rules of this Court:

> February 12, 1965 — Appeal docketed (Rule 5(2))
> February 16, 1965 — Notice to Prothonotary (Rule 5(5))
> February 26, 1965 — Record due (Rule 7(2))
> March 29, 1965 — Appellant's brief due (Rule 8)
> April 19, 1965 — Appellee's brief due (Rule 8)
> April 29, 1965 — Appellant's reply due (Rule 8)

It is thus apparent that, if the appeal had taken the ordinary course, the appeal would not have been at issue and ready for argument prior to April 29, 1965 (Rule 10), which date follows April 14, 1965, when argument was heard in *Friday v. Smoot*. It seems to us that probably defendants would not have had the opportunity to present their case in any event for the reason that Rule 10 provides that, if the appellee's brief is filed less than 15 days before the next stated session, the cause shall stand for argument at the second stated session. Since April 29, 1965 is less than 15 days from May 10, on which the 1965 May Session opened, the cause would have been argued at the June Session which opened on June 14, a date subsequent to the handing down of the decision in *Friday v. Smoot*.

We think whatever delay the plaintiffs caused by failure to pay the costs below therefore did not have the result the defendants say it did. In any event, since one of the plaintiffs had made timely payment of costs, the appeal could not be dismissed fairly as to him. The motion to dismiss is denied.

In view of the defendants' concession that *Friday v. Smoot* is controlling, the judgments below are reversed and the causes remanded for trial.