**Donna G. FOLK, Plaintiff Below, Appellant,**

v.

**YORK–SHIPLEY, INC., a Delaware corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

Feb. 9, 1968.

H. James Conaway, Jr. and Arthur Inden of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant.

Roger P. Sanders and Richard W. Pell of Prickett, Ward, Burt & Sanders, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the grant of partial summary judgment against Donna G. Folk, a plaintiff with her husband, Robert P. Folk, in an action in the Superior Court against York-Shipley, Inc., a Delaware corporation. The complaint asserts two separate causes of action, that of Mrs. Folk for loss of her husband's consortium, and that of Mr. Folk for personal injury.*

The basic facts are that a head-on collision took place in Pennsylvania between a tractor-trailer driven by Mr. Folk and a tractor-trailer owned by York-Shipley and driven by its employee. Mr. Folk suffered serious injury. Mr. and Mrs. Folk are domiciled in Delaware, and York-Shipley is a Delaware corporation.

The parties agree that by reason of Friday v. Smoot, Del., 211 A.2d 594, a decision of this Court, the accident having taken place in Pennsylvania, the substantive law of Pennsylvania applies and governs the

---

* The husband's action is still pending, undisposed of, before the Superior Court.

tort. The parties also are agreed that the substantive law of Pennsylvania, by reason of Newberg v. Bobowicz, 401 Pa. 146, 162 A.2d 662, denies a wife the right to sue for loss of consortium.

Mrs. Folk makes three alternate arguments in support of her contention that her claim for loss of consortium may be asserted in an action in the Superior Court of Delaware.

First, it is argued that her cause of action for loss of consortium is separate and distinct from her husband's action for personal injury. It is argued that her claim is for injury to her marriage relationship and, since her marriage domicile is in Delaware, that injury took place in Delaware and not in Pennsylvania.

Secondly, it is argued that loss of consortium is so intimately associated with the family relationship that it involves a matter of family law to which the law of the marriage domicile should be applied.

Thirdly, it is argued that if the law of Pennsylvania governs as to whether or not she has a cause of action, then all the law of Pennsylvania, including its rule as to conflicts of law, should govern. Since Pennsylvania in its conflicts law applies the "most significant contact" rule, Griffith v. United Air Lines, 416 Pa. 1, 203 A.2d 796, it would apply Delaware law since Delaware is the place with the most significant contacts. This argument seeks to have us apply the doctrine of renvoi.

We consider the several arguments in the order set forth.

The first argument is based fundamentally upon the assumption that an action by a wife for loss of consortium is permitted in Delaware. The assumption is bottomed upon Yonner v. Adams, 3 Storey 229, 167 A.2d 717. We point out that the Yonner case is a decision of the Superior Court which was not reviewed by this Court. It is true that in Stenta v. Leblang, Del., 185 A.2d 759, in a dictum we referred to the Yonner case as having upheld the right of action, but the point was not before us and we made no ruling either approving or disapproving the decision.

In the case at bar the point again is not before us, since the defendant, at least for the purposes of this appeal, apparently concedes the correctness of the Yonner rule. By reason of our conclusion with respect to the questions presented to us, we also will assume that in Delaware a wife has a right of action for loss of consortium. We point out, however, that the point should not be regarded as having finally been settled.

■ Mrs. Folk argues that the injury to her marriage took place in Delaware and that, accordingly, Delaware law should be applied. In Stenta v. Leblang, we said that a wife's action for loss of consortium "is dependent upon the husband's right to maintain an action for personal injuries." This means that while a wife's claim for loss of consortium may be separate and distinct from her husband's claim for personal injury, it is nevertheless nonexistent in the absence of a valid claim by the husband. In other words, the wife's injury (loss of consortium) springs into being simultaneously with the injury to the husband by reason of the tort committed upon him.

Analysis of the asserted right of action demonstrates that it is the personal injury to the husband which is also the injury to the marriage of which the wife complains. The argument of Mrs. Folk that the injury she complains of is the subsequent inability of her husband to perform part of his marital duties, and that therefore the injury took place in Delaware, fails to recognize the distinction between injury and damage.

■ In this case, the injury to the marriage was the injury to the husband in Pennsylvania. From this injury flowed the damage of which she complains. That this is necessarily so becomes apparent when we

consider that York-Shipley, or its employee, committed no other allegedly negligent act to which the damage to the Folk marriage could be related. The alleged negligence of York-Shipley, which is the basis for Mrs. Folk's claim, took place in Pennsylvania. We are therefore dealing with a Pennsylvania tort.

The conclusion thus reached is supported by Annotation, 77 A.L.R.2d 1266, 1286; McVickers v. Chesapeake and Ohio Railway Company, D.C., 194 F.Supp. 848; Jordan v. States Marine Corporation of Delaware, 9 Cir., 257 F.2d 232; Igneri v. Cie de Transports Oceaniques, 2 Cir., 323 F.2d 257, and Sestito v. Knot, 7 Cir., 297 F.2d 33.

Since we are dealing with a Pennsylvania tort, under Friday v. Smoot, supra, that law governs. The *Newberg* case, a decision of the Pennsylvania Supreme Court, holds that a wife has no cause of action under these circumstances. Since Mrs. Folk has no cause of action in the jurisdiction in which the tort was committed, it follows that it may not be enforced in a Delaware court. Pack v. Beech Aircraft Corporation, 11 Terry 413, 132 A.2d 54.

Next, Mrs. Folk argues that loss of consortium is so intimately associated with the family relationship in a marriage that a matter of family law is involved, which, as a matter of policy, should be decided in accordance with the law of the matrimonial domicile, which, of couse, is Delaware.

Cited in support of the argument is Haumschild v. Continental Casualty Co., 7 Wis.2d 130, 95 N.W.2d 814, but we think the case is not in point. The *Haumschild* case was an attempt by a wife to sue her husband and others in Wisconsin, where interspousal actions were permitted, on a tort claim taking place in California, which barred interspousal actions. It was held that spousal incapacity to sue was a matter of family law rather than of tort, and that the law of the matrimonial domicile should be applied.

In the instant case, we are not concerned with interspousal immunity to suit. Mrs. Folk seeks to sue a stranger to the marriage for damages resulting from a negligent act which took place in Pennsylvania. The two cases are entirely dissimilar. Indeed, the *Haumschild* case is further distinguishable on the ground that the wife in it was seeking to assert a cause of action unenforceable in California because of the defense of interspousal immunity, but enforceable in Wisconsin. The distinction is clear for as we recognized in Fields v. Synthetic Ropes, Del., 215 A.2d 427, a wife may have a cause of action in tort against her husband which is nevertheless unenforceable against him.

■ We are of the opinion that the case before us does not present a question of family law but of tort law. It follows, therefore, that Delaware as the matrimonial domicile will not, as a matter of policy, apply its family law to permit the maintenance of this lawsuit.

■ Finally, Mrs. Folk argues that the doctrine of renvoi requires Delaware to apply its law to permit the maintenance of this action.

The doctrine of renvoi is that when conflict of laws requires the courts of one State to refer to the law of another State to decide a controversy before it, the forum State should refer to the entire law of the other State, including its conflict of laws rule. If the conflicts rule of the other State would refer to the law of the forum State, then the *lex fori* should be applied.

Mrs. Folk then argues that since Pennsylvania follows the "most significant contact" rule for the determination of what law governs a tort, it would apply Delaware law since Delaware has the most significant contacts. Griffith v. United Air Lines, supra.

■ We observe that if we accept the doctrine of renvoi and apply Delaware law to this action, we would effectively emasculate our decision in Friday v. Smoot, supra, in which we rejected the most sig-

nificant contact theory. This, of itself, would justify our refusal to accept the renvoi doctrine.

We do not rely on this factor alone, however. It is the general rule of conflicts of law that a court in applying the law of another State applies its own rule of conflicts and only the internal law of the other state. 1 Beale, Conflict of Laws, §§ 5.4, 7.3. Restatement, Conflict of Laws, § 7, flatly rejects the doctrine of renvoi. We do the same.

Mrs. Folk argues that the recent adoption by the General Assembly of the Uniform Commercial Code, 55 Laws, Ch. 349, which provides for a limited renvoi by § 1–105, has had the effect of committing Delaware to the renvoi rule. The only result, however, in accordance with recognized rules of statutory construction is that renvoi is to be followed in suits subject to the Commercial Code. This has no relation to the rule of conflicts to be followed in the field of torts.

We are of the opinion that any right of action Mrs. Folk has growing out of a Pennsylvania tort is to be decided in accordance with the substantive law of that State. We are of the further opinion that she has no right of action under Pennsylvania law. This being so, she has no right of action enforceable in a Delaware court.

The judgment below is affirmed.