GENERAL ELECTRIC COMPANY, Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, Defendant.

Civ. A. No. 3600.

United States District Court
D. Delaware.

Dec. 27, 1968.

Arthur G. Connolly of Connolly, Bove & Lodge, Wilmington, Del., and Vale Myles, Pittsfield, Mass., for plaintiff.

David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Ralph H. Swingle, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LATCHUM, District Judge.

General Electric Company has filed this suit against Westinghouse Electric Corporation seeking a declaratory judgment that defendant's United States Patents Nos. 3,059,081 and 3,235,688 are invalid, unenforceable and not infringed by devices manufactured and sold by General Electric. The two patents relate to a drop-out fuse having a load-breaker attachment.

By the present motion, Westinghouse seeks under 28 U.S.C. § 1404(a) to transfer the case to the United States District Court for the Southern District of Indiana, Indianapolis Division. General Electric vigorously opposes the motion.

The record before me indicates that neither party is a Delaware corporation. Proper venue exists in this jurisdiction simply because Westinghouse has a statutory agent in Delaware upon whom service of process was made. The same law would be applied in this case by the Court regardless of the forum. It appears that nearly all of defendant's witnesses, most of whom are employees, reside near Westinghouse's Bloomingdale, Indiana plant where the patented devices were designed, manufactured and sold. All of defendant's records relating to the patents are located at the Bloomingdale plant which is approximately an hour away by automobile from the Indiana courthouse.

On the other hand, practically all of General Electric's witnesses are employees who work either at General Electric's Pittsfield, Massachusetts plant or its Schenectady, New York research center. General Electric may also call as witnesses, a New York resident, two retired employees who live in South Carolina and Florida and one or more employees of E. I. du Pont de Nemours &

Co. who live and work in Wilmington, Delaware.

All things considered Indiana clearly appears to be the most convenient forum for the defendant and its witnesses. They would be spared long travel time, out-of-town living expenses and inconvenience incident to travel to Delaware. Those witnesses who are employees would also be able to remain at home during trial and pursue their normal business activities except when actually testifying.

While General Electric's witnesses would probably have some additional travel time if the trial were held in Indiana rather than Delaware, they would be required to be away from home with out-of-town living expenses regardless of whether the case is tried in Delaware or Indiana. The convenience to General Electric and its witnesses of a Delaware trial therefore is relatively slight.

However, the docket for the Southern District of Indiana, Indianapolis Division is such that the case could not be tried until 14 or 16 months after it is at issue. In Delaware trial is possible virtually at any time. The parties are in sharp dispute as to the complexity of the action, the time necessary for discovery and trial preparation and the possible length of the trial. The Court is unable to resolve these imponderables which so much depend upon future actions of the parties and developments as the case progresses. It may very well be, as Westinghouse insists, that the case will not be ready for trial in either district until 14 or 16 months from now.

There is no indication that suit was brought in Delaware as a result of "forum shopping" by the plaintiff. Its choice of the trial site appears to have been dictated by the expectation of a prompt trial in this district and possibly because the office of plaintiff's trial counsel is in Wilmington. The convenience of counsel, of course, is not a factor for consideration in an application for transfer.

The issue presented is a close one. But when the factors of convenience of parties and witnesses and the interest of justice are balanced, it appears that the convenience to the defendant and its witnesses of an Indiana trial outweigh the expectations of a prompt trial in Delaware envisioned by the plaintiff and the very slight convenience to it and its possible witnesses if tried here. Under these circumstances, Westinghouse's motion to transfer will be granted.

Submit order in accordance herewith.