**Ingeborg QUANDT et al., Plaintiffs,**

v.

**BEECH AIRCRAFT CORPORATION, Defendant.**

**Civ. A. No. 3710.**

United States District Court,
D. Delaware.

Oct. 7, 1970.

C. Waggaman Berl, Jr., of Booker, Leshem, Green, Shaffer & Berl, Wilmington, Del., and Henry S. Conston, of Walter & Conston, New York City, of counsel, for plaintiffs.

E. N. Carpenter, II, and Robert H. Richards, III, of Richards, Layton & Finger, Wilmington, Del., for defendant.

## OPINION

LATCHUM, District Judge.

This is a products liability suit which stems from the crash of an aircraft designed and manufactured by the de-

fendants.[1] The crash occurred on September 22, 1967 in the vicinity of Sanfront Conba Gambasca, Italy while the plane was on a flight from Frankfurt Am Main, Germany to Nice, France. Harald Quandt, a passenger of the plane, was killed as a result of the crash.

Plaintiffs, all citizens of the Federal Republic of Germany, are suing individually as heirs and beneficiaries under the will of Harald Quandt and as executors of his estate to recover damages for loss of support and other damages. The defendant, Beech Aircraft Corporation, is incorporated in Delaware. The amount in controversy exceeds $10,000 exclusive of interest and costs. Jurisdiction exists by virtue of 28 U.S.C. § 1332.

Count 1 of the complaint alleges that the plane crash was caused by the defendant's negligence in designing, manufacturing and assembling the aircraft and in failing to give proper and adequate instructions for use by its operators. Count 2 of the complaint alleges that the defendant breached its warranty that the aircraft was airworthy, of merchantable quality and fit for the purposes for which it was designed, manufactured, assembled and sold. The defendant has denied all the material allegations of the complaint.

Defendant has moved to transfer the case to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a).

A civil action may be transferred under § 1404(a) to another district "where it might have been brought" if the Court in its discretion finds the transfer to be "[f]or the convenience of parties and witnesses, [and] in the interest of justice." This action could have been brought in the District Court of Kansas and tried by that court sitting in Wichita,[2] venue being proper under 28 U.S.C. § 1391(c) since there is no dispute that the defendant's principal place of business is located in Wichita, Kansas.

Having found that there is power to transfer, the question becomes whether there has been a sufficient showing, in the light of the three statutory criteria, to cause this Court to move this litigation to Kansas. Jahncke Service, Inc. v. OKC Corp., 301 F.Supp. 866 (D.Del. 1969).

*Convenience of Parties.* The plaintiffs are all citizens and residents of West Germany. While the defendant is a Delaware corporation, it maintains only a statutory office here. Its principal office and all of its major plants, including the one where the plane was designed and manufactured, are located in Kansas.[3] Obviously, whether the case is tried in Delaware or Kansas, the plaintiffs will have extensive travel. As to their convenience there is little difference between the two possible fora. A trial, however, in Kansas would eliminate all of defendant's travel at little added inconvenience to the plaintiffs.[4] Further, it appears that the same German plaintiffs as here are actively pressing at this time another suit in the United States District Court for Kansas against a different Kansas based aircraft manufacturer concerning an earlier unrelated airplane crash which occurred in Europe involving Harald Quandt.[5] Plaintiffs say this latter suit could not have been brought in Delaware because it was barred by the Delaware statute of limitations. Regardless of the reasons why that suit was brought in Kansas, it is a fact that the same plaintiffs are already litigating in that district. Viewing the totality of convenience to both parties, it appears that Wilmington is convenient to neither par-

---

1. The plane involved was a Beechcraft King Air Model A90, LJ–116.

2. 28 U.S.C. § 96 provides that Kansas shall constitute one judicial district and that court shall be held in Kansas City, Leavenworth, Salina, Topeka, Hutchinson, Wichita, Dodge City and Fort Scott.

3. One small plant is located in Boulder, Colorado.

4. Note Wibau. Westdeutsche Industrie, etc. v. American Hoist & Derrick Co., 293 F.Supp. 273 (S.D.N.Y.1968).

5. Quandt et al. v. Lear Jet Industries, Inc., C.A. No. W–3987.

ty. Wichita is about as convenient to plaintiffs as Wilmington and it is of complete convenience to the defendant. This balance cannot but favor transfer. General Electric Co. v. Westinghouse Electric Corp., 294 F.Supp. 36 (D.Del. 1968); Paragon-Revolute Corp. v. C. F. Pease Co., 120 F.Supp. 488 (D.Del. 1954). While plaintiffs' choice of forum is entitled to some consideration, it is not determinative in view of the over-all balance of convenience to the parties, especially when the forum chosen is only the statutory home state of the defendant corporation. Glickenhaus v. Lytton Financial Corp., 205 F.Supp. 102 (D. Del.1962).

*Convenience of Witnesses.* The plaintiffs contend that one or more German witnesses will be required to testify as well as certain undesignated witnesses from Italy where the crash occurred and was investigated. In addition, plaintiffs claim they will call one or more witnesses from Lawrence, Massachusetts, employees of Alco Electronic Products, Inc., the manufacturer of the avionics master power switch, whose failure is believed to have been a contributing cause of the accident, and an aeronautical engineering expert from Huntington, New York. On the other hand, the defendant contends that in order to defend this case, it will have to produce numerous witnesses and substantial documentary material from its headquarters and main plant in Wichita where the plane was designed, built and sold. More specifically, defendant has listed six witnesses, residents of Kansas, whose testimony is vital to the charges of negligence and breach of warranty.

Plaintiffs attempt to counter this showing by referring to defendant's sales and service subsidiaries in Texas, Colorado, California and Switzerland as indicative of defendant's national and international scope of operations. The plaintiffs insist that the defendant must regularly transport its employees to these places in its own planes and thus can transport its witnesses to Wilmington at minimal costs. The record, however, shows that these facilities are solely for sales and services unrelated to the manufacture and sale of the aircraft in question. The aircraft in question was designed, assembled and sold in Wichita where the witnesses reside of whom plaintiff will seek oral and written discovery and upon whom the defendant will rely to defend against the charges.

Any witness from Germany and Italy will have extensive travel regardless of the place of trial in this country. The convenience of expert witnesses is not determinative. Nocona Leather Goods Co. v. A. G. Spalding & Bros., 159 F.Supp. 269 (D.Del.1957). Balancing the convenience to witnesses on the showing made tips the scales in favor of transfer.

*Interest of Justice.* Plaintiffs contend that it would not be in the interest of justice to transfer the case to Wichita because a fair jury trial could not be obtained there. This is so, they argue, because aircraft manufacturing employees in the counties adjacent to Wichita account for twenty percent of the employed civilian work force. But plaintiffs have overlooked the fact that this is not a case to be tried by a jury since neither party filed a timely request for a jury trial as required by Rule 38, F.R.Civ.P. Plaintiffs' argument thus fails.

Second, the plaintiffs argue that it would not be in the interest of justice to transfer the case because a different conflict of law rule might apply to the negligence cause of action thereby prejudicing plaintiffs' rights. Since Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), it is clear that a § 1404(a) transfer does not effect a change of state law but only authorizes a change of courtrooms. With regard to the law applicable to the breach of warranty action, the parties agree that regardless of whether the case is tried in Delaware or Kansas, the substantive law of Kansas will govern. Prashker v. Beech Aircraft Corp., 258 F.2d 602 (C.A. 3, 1958), cert. den. 358 U.S. 910, 79 S.Ct. 236, 3 L.Ed.

2d 230 (1958). With respect to the conflict of law rule applicable to the charge of negligence, this Court would apply the Delaware conflict of law doctrine. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The conflict of law rule applied in tort actions by the courts of Delaware is the law of the place where the tort occurred, Friday v. Smoot, 211 A.2d 594 (Del.Supr.1965); Folk v. York-Shipley, Inc., 233 A.2d 451 (Del. Super.1967), aff'd 239 A.2d 236 (Del. Supr.1968); Hempstead v. General Fire Extinguisher Corp., 269 F.Supp. 109 (D.Del.1967). Thus, the Delaware conflict of law rule would require a Court sitting in Delaware to apply the substantive law of Italy to the negligence charge of the complaint. There would appear to be no difficulty for the Kansas District Court to apply the Delaware conflict of law rule in this case since the transferee court is bound to apply the state law that would have been applied if there had been no change in venue under § 1404(a). It is concluded that the plaintiffs have made no showing of any possibility of prejudice in this regard.

Having weighed all the relevant factors, the Court holds that the case should be transferred to the United States District Court for the District of Kansas for the convenience of parties and witnesses and in the interest of justice. Accordingly, an order will be entered granting defendant's motion to transfer.