Carol E. THOURON, Appellant,

v.

Carol Victoria K. McCOY.

No. 72–1476.

United States Court of Appeals, Third Circuit.

Argued March 5, 1973.

Decided April 25, 1973.

F. Alton Tybout, Tybout, Redfearn & Schnee, Wilmington, Del., for appellant.

E. N. Carpenter, II, Allen M. Terrell, Jr., Richards, Layton & Finger, Wilmington, Del., for appellee.

Before GIBBONS and JAMES HUNTER, III, Circuit Judges, and MUIR, District Judge.

OPINION OF THE COURT

PER CURIAM:

The district court sitting in a diversity case in Delaware concluded that a Delaware state court would apply Pennsylvania law to the undisputed facts in this case. Since Pennsylvania has by statute abolished the cause of action for alienation of affections pleaded in the complaint, Pa.Stat.Ann. tit. 48, §§ 170, 172, the court granted summary judgment. We have concluded that the district court decided this conflict of laws issue as it would have been decided by a Delaware state court. Klaxon Co. v. Stentor Electric Co., 313 U.S. 487, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941). Delaware, in resolving conflicts of laws issues, stresses particularly the desirability of certainty of operation of the rule. Friday v. Smoot, 211 A.2d 594, 595 (Del.1965). The district court's decision is consistent with this approach, since the location of the marital domicile is certain, whereas the place where enticement succeeded often may be, and in this case is, quite uncertain. The cause of action has since been abolished in Delaware as well as in Pennsylvania. 10 Del.C Ann. § 3925. Thus, an extended discussion would have no precedential value.

The judgment of the district court will be affirmed.

MUIR, District Judge (dissenting).

I do not agree with the Court's analysis that because Delaware stresses certainty in conflicts of laws issues, a Delaware court would apply the law of the marital domicile in an alienation of affections case. In Friday v. Smoot, 211 A.2d 594 (Del.1965), the Supreme Court of Delaware rejected the "most significant contacts" theory represented by Restatement Second, Conflict of Laws, § 145, and adhered to the traditional *lex loci delicti* conflicts of laws

rule. The fact that this decision was based upon a desire for certainty in the application of Delaware's conflicts rule, 211 A.2d at p. 595, does not change the holding "that the substantive rights of parties in a tort action are governed by the law of the place where the tort arose. . . ." 211 A.2d at p. 595.

An alienation of affections action is essentially a claim for loss of consortium. Sharp v. Hayes, 4 Terry 493, 50 A.2d 412 (Del.Super.1946); Ramsey v. Ramsey, 4 W.W.Harr. 576, 156 A. 354 (Del.Super.Ct.1931); Prettyman v. Williamson, 1 Pennewill 224, 39 A. 731 (Del.Super.Ct.1898). In applying the *lex loci delicti* rule to a wife's claim for loss of consortium, the Supreme Court of Delaware applied, not the law of the marital domicile, but the law of the state in which the defendant's actions upon the husband took place. Folk v. York-Shipley, Inc., 239 A.2d 236 (Del. 1968). In an alienation of affections action, I believe that a Delaware court would interpret the *Folk* case as requiring application of the law of the state where the Defendant's alleged wrongful acts upon Plaintiff's husband occurred. It should be pointed out that every other court operating under the *lex loci delicti* rule in a multi-jurisdictional alienation of affections action has applied the law of the state where the Defendant's wrongful acts took place. Albert v. McGrath, 107 U.S.App.D.C. 336, 278 F. 2d 16 (1960); Orr v. Sasseman, 239 F.2d 182 (5th Cir. 1956); Marra v. Bushee, 317 F.Supp. 972 (D.Vt.1970), rev'd on other grounds, 447 F.2d 1282 (2d Cir. 1971) (affirming conflict of law holding).

The exact location of the Defendant's alluring conduct may be difficult to ascertain. However, it is a proper question for a jury. See Marra v. Bushee, 447 F.2d 1282 (2d Cir. 1971). The difficulty should not bar application of Delaware's *lex loci delicti* rule.

I respectfully dissent.